**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| **CITIZENS DEFENDING FREEDOM and** | § | |
| **DAVID JARVIS,** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **ARLINGTON INDEPENDENT SCHOOL** | § | |
| **DISTRICT, and MELODY FOWLER,** | § | **CIVIL ACTION NO:** |
| **JUSTIN CHAPA, AARON REICH,** | § | |
| **SARAH MCMURROUGH, DAVID** | § | |
| **WILBANKS, BROOKLYN** | § | |
| **RICHARDSON, LEANNE HAYNES, in** | § | |
| **their official capacities as the ARLINGTON** | § | |
| **INDEPENDENT SCHOOL DISTRICT** | § | |
| **BOARD OF TRUSTEES, and MATT** | § | |
| **SMITH,** | § | |
| *Defendants.* | § | |

## INDEX TO STATE DISTRICT COURT PLEADINGS

| Date of Filing | Document |
|---|---|
| 01/19/2024 | Plaintiffs' Original Petition, Request for Disclosures, and Jury Demand |
| 02/05/2024 | Citations as Issued for All Defendants (Unexecuted- Counsel for Defendants accepted service on their behalf) |
| 02/23/2024 | Defendants' Plea to the Jurisdiction, Plea in Bar, Motion to Dismiss, General Denial, Objections and Special Exceptions, and Answer |
| 03/07/2024 | Defendants' First Amended Plea to the Jurisdiction, Plea in Bar, Motion to Dismiss, General Denial, Objections and Special Exceptions, and Answer |
| 04/11/2024 | Notice of Hearing on Defendants' Plea to the Jurisdiction, Motion to Dismiss, and Plea in Bar |
| 05/16/2024 | Plaintiffs' Response to Defendants' Plea to the Jurisdiction and Motion to Dismiss |
| 05/20/2024 | Defendants' Reply Brief in Support of Their Plea to the Jurisdiction, Plea in Bar, and Motion to Dismiss |
| 05/23/2024 | Second Notice of Hearing on Defendants' Plea to the Jurisdiction, Motion to Dismiss, and Plea in Bar |
| 05/31/2024 | Plaintiffs' First Amended Petition, Request for Disclosures, and Jury Demand |

FILED
TARRANT COUNTY
1/19/2024 1:07 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____

236-349529-24

| | | |
|---|---|---|
| CITIZENS DEFENDING FREEDOM and DAVID JARVIS | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs | § § | TARRANT COUNTY, TEXAS |
| v. | § § § | |
| ARLINGTON INDEPENDENT SCHOOL DISTRICT, and MELODY FOWLER, JUSTIN CHAPA, AARON REICH, SARAH MCMURROUGH, DAVID WILBANKS, BROOKLYN RICHARDSON, and LEANNE HAYNES, in their official capacities as the ARLINGTON INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES | § § § § § § § § § § | |
| Defendants | § § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Citizens Defending Freedom ("CDF"), and David Jarvis files this Original Petition, Request For Disclosures, And Jury Demand ("Petition") against Defendants Arlington Independent School District ("AISD"), and Melody Fowler, Justin Chapa, Aaron Reich, Sarah McMurrough, David Wilbanks, Brooklyn Richardson, and Leanne Haynes in their official capacities as members of the AISD Board of Trustees (each individually, a "Trustee" and collectively, the "Board"), upon personal knowledge of his own actions, and upon information and belief as to all other matters, as follows:

### I.
### PRELIMINARY STATEMENT

1.     This is a lawsuit to enforce the Texas Open Meetings Act. ("TOMA"), Tex. Gov't Code § 551.001, et seq. The purpose of the TOMA is to protect the public's right to know the workings

of governmental agencies and entities. In general, the TOMA demands openness at every stage of the government's deliberative process to ensure that citizens know what their elected officials decide and how each decision is reached. By this lawsuit, Plaintiffs bring this action to redress Defendants' violation of the TOMA to ensure openness at every stage of the government's deliberative process, and to safeguard that citizens know what their elected officials decide and how each decision is reached.

2.      In this matter, Defendants improperly convened a closed meeting on an agenda item during the June 8, 2023 board meeting. Prior to the announcement that the agenda item would be discussed in a closed meeting, the Board delegated authority, absent express statutory authority to do so, and then performed a perfunctory public meeting, with a subsequent casting of a unanimous vote, without meeting the necessary legal criteria outlined in the TOMA.  Plaintiffs are bringing this action in order to rectify this abuse and prevent future violations. To that end, Plaintiff requests that the Court: (1) declare that Defendants have violated the TOMA; (2) declare that any action taken in violation of the TOMA is void; and (3) enjoin Defendants from taking any further actions that violate the TOMA.

## II.
## DISCOVERY CONTROL PLAN

3.      Plaintiffs intend to conduct discovery under Level 3 of Rule 190.3 of the Texas Rules of Civil Procedure.

## III.
## REQUESTS FOR DISCLOSURES

4.      Plaintiffs request that Defendants make all disclosures required by Texas Rule of Civil Procedure 194 within 50 days of the service of this Original Petition and Request for Disclosures.

## IV.
## PARTIES

### A.        Plaintiffs

5.        Mr. Jarvis is a citizen, taxpayer, voter, and veteran who has resided within the boundaries of AISD since 1986. The children of Mr. Jarvis all attended AISD public schools.

6.        CDF is a nonpartisan grassroots organization committed to resolving breaches of freedom and liberty for the general public through local awareness, local light, and local action. A core mission of CDF is devoted to supporting the rule of law and transparency in government activity through education and the promotion of engagement in civil discourse. CDF is organized with volunteers within the boundaries of AISD, throughout Tarrant County, and is an interested party in ensuring TOMA compliance and accountability with government agencies and elected officials.

### B.   Defendants

7.        AISD is an Independent School District created under Texas law and located in Tarrant County. AISD may be served with process through its Office of General Counsel, at 690 E. Lamar Blvd., 5th Floor, Arlington, TX 76011.

8.        Sarah McMurrough is a Trustee elected to Place 1 of the Board, is the Secretary of the Board, and resides within AISD. She may be served with process at 690 E. Lamar Blvd., Arlington, TX 76011.

9.        Melody Fowler is a Trustee elected to Place 2 of the Board, is the President of the Board, and resides within AISD. She may be served with process at 690 E. Lamar Blvd., Arlington, TX 76011.

10.        Aaron Reich is a Trustee elected to Place 3 of the Board and resides within AISD. He may be served with process at 690 E. Lamar Blvd., Arlington, TX 76011.

11.        David Wilbanks is a Trustee elected to Place 4 of the Board and resides within AISD. He

may be served with process at 690 E. Lamar Blvd., Arlington, TX 76011.

12.     Justin Chapa is a Trustee elected to Place 5 of the Board, is the Vice President of the Board, and resides within AISD. He may be served with process at 690 E. Lamar Blvd., Arlington, TX 76011.

13.     Brooklyn Richardson is a Trustee elected to Place 6 of the Board and resides within AISD. She may be served with process at 690 E. Lamar Blvd., Arlington, TX 76011.

14.     Leanne Haynes is a Trustee elected to Place 7 of the Board and resides within AISD. She may be served with process at 690 E. Lamar Blvd., Arlington, TX 76011.

**V.**
**JURISDICTION AND VENUE**

15.     As more specifically described below, the defendant Board Members have violated (and will likely continue to violate) the TOMA. Such violations have occurred (and will occur) in Tarrant County, Texas. This Court has jurisdiction over the AISD Board, a school district located within the geographic jurisdiction of this Court, and has subject-matter jurisdiction over violations of the Texas Open Meetings Act that have occurred and will occur in Tarrant County. *See* Tex. Gov't Code § 551.142. For the same reasons, this Court has jurisdiction over the individual Board members.

16.     Venue is mandatory in this Court because the AISD Board is a "political subdivision" located entirely in Tarrant County. *See* Tex. Civ. Prac. & Rem. Code §15.0151. Venue is also proper in this Court because Tarrant County is the county in which all of the events or omissions, giving rise to both Counts of this Petition occurred. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a)

# VI.
# FACTUAL BACKGROUND

## A.    Overview of the TOMA

17.    The TOMA requires that every action taken by a governmental body be voted upon by a quorum in a properly noticed meeting before any action can be taken. *See* Tex. Gov't Code § 551.144. Further, the TOMA provides that "[e]very regular, special, or called meeting of a government body shall be open to the public, except as provided by this chapter." *See* Tex. Govt. Code §551.1002.  In addition, The Texas Supreme Court has held that "Our citizens are entitled to more than a result. They are entitled not only to know what government decides but to observe how and why every decision is reached. The explicit command of the statute is for openness at every stage of the deliberations." *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 300 (Tex. 1990) (citation omitted).

18.    Under the TOMA, the public must be given written notice of the time, place, and subject matter of all meetings of the governmental agency or entity. Section 551.043 of the Texas Government Code requires that notice of a meeting be posted at least 72 hours in advance in a place readily accessible to the general public.

19.    Under the TOMA, closed meetings are allowed only in limited circumstances that are construed narrowly to effectuate the overarching principle that governmental meetings are to be open to the people. Even if an exception applies, pursuant to section 551.101 of the Texas Government Code, a governmental body may not conduct a closed meeting unless it first convenes a properly noticed open meeting during which the presiding officer announces that a closed meeting will be held and identifies the section of the TOMA authorizing the closed meeting.

20.    Further, section 551.102 of the Texas Government Code requires that any final action, decision, or vote on a matter deliberated in a closed meeting may only be made in a properly

noticed open meeting. In addition, a record must be made of the date, hour, place, and subject of each meeting held by the governmental body. Moreover, sections 551.021, 551.022, 551.103, and 551.104 of the Texas Government Code require that minutes or tape recordings be kept of meetings.

21.     The purpose of the TOMA is to provide public access to and increase public knowledge of governmental decision-making. *See City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex. 1991).

22.     Violations of the TOMA have significant consequences. Indeed, pursuant to section 551.141 of the Texas Government Code, actions taken in violation of the TOMA are voidable.

23.     Further, section 551.142 of the Texas Government Code authorizes mandamus and injunctive relief.

24.     In addition, pursuant to sections 551.143, 551.144, and 551.145 of the Texas Government Code, it is a crime (misdemeanor) to knowingly attempt to circumvent the TOMA, participate in an unauthorized closed meeting, or participate in a closed meeting knowing that a certified agenda or tape recording is not being made.

B.     **Violation of the TOMA**

25.     The Board has the executive power and duty to govern and oversee the management of AISD. The Board sets the direction for the school district. The Board's responsibilities include: (1) setting district policies and supporting administrators and teachers in the execution of those policies; (2) employing and evaluating the superintendent; (3) adopting the annual budget; (4) levying/collecting taxes and issuing bonds; and (5) performing specific duties imposed by the state. Although the Board decides matters of public concern—and, often, controversy—closed meetings are authorized only in limited circumstances that are construed narrowly to effectuate the

overarching principle that governmental meetings are to be open to the public to ensure that citizens know what their elected officials decide and how each decision is reached.

26.     On June 8, 2023, the Board met to consider four consolidated grievance appeals filed by Mr. Jarvis for consideration by the Board. The basis of the consolidated grievance complaints was that the Board, which is vested with full legal authority to oversee the management of AISD, had not been adequately transparent or responsive on policy or guidance provided by district administrators or employees on controversial topics such as the intersection of parental rights, Title IX, and gender identity, among others.

27.     The June 8, 2023, meeting listed the grievance hearing on the noticed agenda and did not indicate that specific portion of the meeting would be closed to the public, raising a question as to the adequacy of the noticed agenda to inform the public. *See* Exhibit A.

28.     Additionally, according to the noticed agenda, on June 8, 2023, the AISD Board called to order at 5:00 p.m. in the "Board Chamber" and immediately moved into a closed meeting in the "Board Conference Room." At 6:30 p.m., the board reconvened into open session. See Exhibit A. A review of the June 8, 2023 meeting posted at www.aisd.net does not indicate that, prior to the closed meeting, a public announcement was made in open session in accordance with the statutory procedures required for such a meeting. In fact, all the regularly scheduled board meetings conducted in 2022 and 2023 were conducted in this manner and will likely continue. Under the law, prior to conducting the closed meeting, AISD must first convene in an open meeting for which notice has been given and, during which, the presiding officer ***publicly*** announces that a closed meeting will be held and identifies the section(s) of the Act authorizing such a closed meeting. *See* Tex. Gov't Code §551.101 (emphasis added). The departure from the statutory procedures required to conduct a closed meeting is not only a violation of law, but deceives the public and likely renders

the notice inadequate for closed session items.

29.     During the June 8, 2023 grievance hearing, AISD legal counsel was appointed delegated authority by the Board to conduct and make rulings on "the efficient presentation" of the consolidated complaints, and cited sections 551.071 and 551.074 of the Texas Government Code as the statutory authority for entering a closed session. *See* Exhibit B.

30.     The TOMA allows a Board to consult with legal counsel in closed sessions under limited circumstances concerning contemplated or pending litigation, but this exception is very narrowly drawn. See Tex. Gov. Code §551.071. The purpose of the exception for consultations with an attorney is, in part, to allow a governmental body to receive legal advice from its attorney without revealing attorney client confidences to third parties. Under this justification, Plaintiff Jarvis was not part of the governmental body of the Board. Moreover, the use of this statutory exception to the TOMA to conduct a closed session with Mr. Jarvis in attendance defeats the purpose of the exception to maintain confidentiality and privilege of Attorney-Board communications. In fact, under the attorney consultation exception, an opposing party may not be present. *See* Tex. Att'y Gen. Op. Nos. JC-506 (2002), JC-375 (2001), JM-238 (1984).

31.     The primary statutory basis asserted through delegated Board authority for entering into a closed session was under Tex. Gov. Code §551.074(a)(1) & (2). That provision is applicable for deliberation regarding "the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee" or entertaining "a complaint or charge against an officer or employee."

32.     The grievance hearing did not deal with "Personnel Matters" as intended by § 551.074. On the contrary, the grievance concerned the oversight and understanding of specific written or unwritten policies to which the Board is vested by law to conduct, and the public has a right to

observe and understand.

33.     On the record, Plaintiff Jarvis agreed to discuss only the policy of the board which made up the basis of the grievance, without naming any officials or trustees by name or position that would formulate a basis for a TOMA exception as a "a complaint or charge against an officer or employee."  Despite this, objections made by Mr. Jarvis to conduct the noticed agenda item in closed session were overruled, interested citizen observers were ordered to leave the public meeting, and the grievances were conducted in a closed session. *See* Exhibit B.

34.     Because this portion of the Board meeting was closed, the general public was unable to observe or debate government decisions such as how government policy is formulated and promulgated despite the item being listed on the noticed agenda.

35.     The actions to close the meeting to the public were in violation of section 551.007 (e) of the Texas Government Code. Under that recently enacted statutory provision, a government body may not prohibit public criticism of the government body, including criticism of any act, omission, policy, procedure, program, or service. By closing the noticed agenda item, the Board was in effect prohibiting public criticism of the Board and the oversight they exercise, or lack thereof, on controversial topics or issues of great importance to the general public. The use of open meeting exceptions to silence public criticism of transparency in government policy was, by design, a flagrant violation of the TOMA.

**VII.**
**Causes of Action**

**A.     Declaratory and Injunctive Relief:  Violations of the TOMA**

36.     Plaintiffs reallege and incorporate by reference the preceding paragraphs.

37.     Defendants, as described above, have persistently, systematically, and intentionally violated the TOMA by failing to first convene in an open meeting for which notice has been given

with the presiding officer publicly announcing that a closed meeting will be held and identifies the section(s) of the TOMA authorizing such a closed meeting.

38.     Defendants, as described above, violated the TOMA by unlawfully closing the June 8, 2023, meeting to the public on a noticed agenda item to conduct the grievance hearing.

39.     Plaintiffs request that the Court declare that Defendants have violated the TOMA and that all actions taken in violation of the TOMA are void.

40.     Plaintiff also requests that Defendants be required to produce to Plaintiff all minutes and/or recordings of the Board.

41.     Moreover, Plaintiffs request that Defendants be enjoined from taking any further actions in violation of the TOMA.

42.     In addition, Plaintiff requests that Defendants be ordered to comply with the strict requirements of the TOMA for the benefit of the general public.

43.     As a result of Defendants' wrongful conduct, Plaintiff was forced to retain the undersigned counsel to pursue this action. Plaintiff is, therefore, entitled to recover attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code Section 37.001, et seq.

### VIII.
### DEMAND FOR JURY TRIAL

44.     Plaintiffs demand a jury trial on all issues.

### IX.
### REQUEST FOR RELIEF

WHEREFORE Plaintiffs respectfully request that the Court enter judgment for Plaintiffs and against Defendants awarding Plaintiffs the following relief:

a. a declaration that Defendants have violated the Texas Open Meetings Act;
b. a declaration that the Board's actions in violation of the Texas Open Meetings Act are void *ab initio*;
c. an injunction requiring Defendants to produce to Plaintiffs all minutes and/or recordings

of meetings of the Board;

d.  an injunction preventing Defendant from taking any further actions in violation of the Texas Open Meetings Act;

e.  reimbursement of the attorneys' fees and costs Plaintiff has incurred in connection with this suit; and

f.  all such other and further relief, at law or in equity, to which Plaintiffs may be entitled.

DATED: January 18, 2024.

Respectfully submitted,

*/s/ Jonathan K. Hullihan*
Jonathan K. Hullihan
Texas Bar No. 24120376
18445 State Hwy. 105 W.
Suite 102, Box 321
Montgomery, Texas 77356
Tel.: (936) 320-1200
jonathan@hullihanlaw.com

*- and –*

Janelle L. Davis
Texas Bar No. 24059655
**Janelle L. Davis Law, PLLC**
P.O. Box 1311
Prosper, Texas 75078
Tel.: 469.592.8775
Janelle@JanelleLDavisLaw.com

**ATTORNEY FOR PLAINTIFFS
CITIZENS DEFENDING FREEDOM
DAVID JARVIS**

**ARLINGTON INDEPENDENT SCHOOL DISTRICT**
**REGULAR MEETING OF THE BOARD OF TRUSTEES**
**Thursday, June 8, 2023**
**5:00 p.m.**

**NOTICE**      of Regular Meeting of the Board of Trustees at the Administration Building, Board Room, 690 East Lamar Boulevard, Arlington, Texas

Meetings may be viewed online at www.aisd.net. One or more members of the Board of Trustees may participate in this meeting via videoconference call. A quorum of the Board of Trustees will be physically present at the Administration Building.

*Members of the public who desire to address the board regarding an item on this agenda must comply with the following registration procedures: Members of the public seeking to provide comments concerning an agenda item or non-agenda item shall be required to register at* https://www.aisd.net/boardmeetingsspeakerrequest ***NO LATER THAN 3:00 p.m. the day of the board meeting*** *indicating (1) person's name; (2) subject the member of the public wishes to discuss, and; (3) telephone number at which the member of the public may be reached.*

**CALL TO ORDER:**    **5:00 p.m., Board Chamber**

**CLOSED MEETING:  Board Conference Room**

Adjournment to closed meeting pursuant to Sections 551.071  (consultation with attorney to seek and receive legal advice); 551.072   (discuss the purchase, exchange, lease or value of real property); Section 551.073 – (negotiating contracts for prospective gifts or donations); Section 551.074 - (consider the appointment, employment, evaluation, reassignment, duties, discipline, non-renewal or dismissal of a public officer or employee, or to hear complaints or charges against a public officer or employee); Section 551.076 (consider the deployment, or specific occasions for implementation, of security personnel and devices); Section 551.082 – (discussing or deliberating the discipline of a public school child or children, or a complaint or charge is brought against an employee of the school district by another employee); Section 551.0821 – (deliberating in a matter regarding a public school student if personally identifiable information about the student will necessarily be revealed by the deliberation); Section 551.083 (considering the standards, guidelines, terms or conditions the Board will follow, or instruct its representatives to follow, in consultation with representatives of employee groups in connection with consultation agreements).
1.      Administrative Appointments/Personnel Ratification
2.      Superintendent Search

**RECONVENE INTO OPEN SESSION:  6:30 p.m., Board Room**

**OPENING CEREMONY:**

**PROGRAM AND/OR PRESENTATION:**

This time has been designated for the purpose of allowing programs and/or presentations relating to matters such as curricular, extracurricular, co- curricular and PTA type activities.

A.      Recognition of J. Woodrow Counts Scholarship Recipients

B.      Recognition of Outgoing Student Leadership Advisory Board

**PUBLIC HEARING:**

A.      Optional Flexible School Day Program 2022-2023

B.      Optional Flexible School Day Program 2023-2024

**OPEN FORUM FOR AGENDA ITEMS:**

Must Pre-Register.  Registration as stated above must be completed in its entirety and submitted no later than **3:00 p.m.**  This first Open Forum is limited to agenda items other than personnel. Any personnel concern should be brought directly to the Superintendent or Board President prior to the meeting, who will guide you to the proper procedure pursuant to Board Policy.  Speakers will be limited to two (2) minutes.  When more than one individual wishes to address the same agenda item, the President may ask the group to appoint one spokesperson.

**APPOINTMENTS:**

A.      Consider Ratification of Administrative Appointments:
        Principal for Lamar High, Principal for Barnett Junior High, Principal for Amos Elementary, Principal for Moore Elementary, Principal for Starrett Elementary, Assistant Principal for Arlington High, Assistant Principal for Beckham Elementary, Assistant Principal for Fitzgerald Elementary, Assistant Principal for Peach Elementary, Assistant Principal for Sherrod Elementary

**ACTION:**

A.      Consider and Act on a Resolution Directing Finance Staff to Proceed with Arrangements for a 2023 Bond Issuance Using a Portion of the 2019 Bond Election Authorization and a Potential Bond Refunding; Engaging Consultants with Respect to that Bond Issuance and Appointing Members of an Underwriting Syndicate

**DISCUSSION / ACTION:**

A.      Consider Preliminary 2023-2024 Budget and Authorization of Advertisement of Notice of Public Meeting to Discuss Budget and Proposed Tax Rate



EXHIBIT A

EXHIBIT A

Case 4:24-cv-00585-O   Document 1-1   Filed 06/24/24   Page 15 of 129   PageID 19
Agenda – Regular Meeting                                                Bulletin Board
June 8, 2023
Page 3 of 6

**CONSENT AGENDA:**

A.     Approval of Personnel Recommendations:  New Hires, Retirements, Resignations, Leaves of Absence, Dismissals, Terminations, Non-Renewals, Non-Extensions

B.     Approval of Bids, Purchases, Construction Items
       23-44 Carter Junior High Replacement School Project
       23-78 Demolition of Structures at 2140 S. Davis Drive & 1221 E. Division Street

C.     Approval of Purchases Greater Than $50,000 Exempt from Bid
       23-06-08-01 Asphalt Parking Lot
       23-06-08-02 HVAC Improvements at AISD Annex/Textbooks
       23-06-08-03 Rack Systems at AISD Annex/Textbooks
       23-06-08-04 Forklifts and Reach Truck for AISD Annex/Textbooks
       23-06-08-05 Bowie HS Tennis Courts Resurfacing
       23-06-08-06 Outside Contracted Services
       23-06-08-07 Charter Buses
       23-06-08-08 Human Resources Internet Web Based Sourcing Applications/Software
       23-06-08-09 Propane Fuel
       23-06-08-10 Computers/Chromebooks/Carts/Deployment/MDM/Catalog
       23-06-08-11 Off-Duty Police Officers Extra Duty Pay Summer

D.     Approval of Monthly Financial Reports for Period Ending April 30, 2023

E.     Approval of Monthly Investment Report for Period Ending April 30, 2023

F.     Approval of Minutes of Previous Meetings, May 2023

G.     Approval of the Interlocal Agreement with Tarrant County Local Workforce Development Board to Conduct Tarrant County Adult Education and Literacy Consortium's English as a Second Language, Adult Basic Education, and Adult Secondary Education Program

**DISCUSSION:**

A.     District Improvement Plan Progress Monitoring Update

**OPEN FORUM FOR NON-AGENDA ITEMS:**

Must Pre-Register.  Registration as stated above must be completed in its entirety and submitted no later than **3:00 p.m.**  Any personnel concern should be brought directly to the Superintendent or Board President prior to the meeting, who will guide you to the proper procedure pursuant to Board Policy.  Speakers will be limited to two (2) minutes.  When more than one individual wishes to address the same agenda item, the President may ask the group to appoint one spokesperson.

**SUPERINTENDENT'S REPORT:**

This time is for the Superintendent to acknowledge varying kinds of activities occurring within the district. This includes such items as recognition of outstanding performance by district staff and/or



students, the initiating of new programs and special activities.

The Superintendent will report on the following subjects:
A.      Recognition of outstanding performance by district staff and students
B.      Initiation of new programs and special activities


**SCHOOL BOARD'S REPORTS:**

This time on the Agenda allows each member to inform other Board Members, the administrative staff and the public of activities which are of interest.
The Board Members will report on the following subjects:
A.      Board member attendance at various school and community events.
B.      Board member announcement of various upcoming school and community events.
C.      Board member visits to various campuses
D.      Board member recognition of outstanding performance by district staff and students
E.      Board member recognition of new programs and special activities


**GRIEVANCE HEARING:**

A.      Level IV Grievance Hearing of David Jarvis


**CLOSED MEETING:**

At any time during the meeting the Board may adjourn into closed meeting for consultation with its attorney (Tex. Gov't Code § 551.071) or for a posted agenda item pursuant to Texas Government Code sections 551.072 – 551.084 (see below).


**ADJOURNMENT**

*The agenda order may be adjusted by the Presiding Officer at any time during the meeting.*

If, during the course of the meeting, discussion of any item on the agenda should be held in a closed meeting, the board will conduct a closed meeting in accordance with the Texas Open Meetings Act, Texas Government Code, chapter 551, subchapters D and E or Texas Government Code section 418.183(f).

If, during the course of the meeting covered by this Notice, the Board should determine that a closed meeting of the Board should be held or is required in relation to any item included in this notice, then such closed meeting is authorized by Texas Government Code Section 551.001, et. seq., for any of the following reasons:

Section 551.071 - For the purpose of a private consultation with the Board's attorney on any or all subjects or matters authorized by law.

Section 551.072 - For the purpose of discussing the purchase, exchange, lease or value of real property.

Agenda – Regular Meeting                                                    Bulletin Board
June 8, 2023
Page 5 of 6

Section 551.073 - For the purpose of negotiating contracts for prospective gifts or donations.

Section 551.074 - For the purpose of considering the appointment, employment, evaluation, reassignment, duties, discipline or dismissal of a public officer or employee or to hear complaints or charges against a public officer or employee.

Section 551.076 - To consider the deployment, or specific occasions for implementation, of security personnel and devices.

Section 551.082 - For the purpose of deliberating in a case involving discipline of a public school child or children, or in a case in which a complaint or charge is brought against an employee of the school district by another employee and the complaint or charge directly results in a need for a hearing.

Section 551.0821 - For the purpose of deliberating in a matter regarding a public school student if personally identifiable information about the student will necessarily be revealed by the deliberation.

Section 551.083 - For the purpose of considering the standards, guidelines, terms or conditions the Board will follow, or instruct its representatives to follow, in consultation with representatives of employee groups in connection with consultation agreements provided for by Section 13.901 of the Texas Education Code.

Section 551.084 - For the purpose of excluding a witness or witnesses from a hearing during examination of another witness.

Should any final action, final decision or final vote be required in the opinion of the Board with regard to any matter considered in such closed meeting, then such final action, final decision or final vote shall be at either:

A.    the open meeting covered by this notice upon the reconvening of this public meeting, or
B.    at a subsequent public meeting of the Board upon notice thereof, as the Board shall determine.

Before any closed meeting is convened, the presiding officer will publicly identify the section or sections of the Act authorizing the closed meeting. All final votes, actions, or decisions will be taken in open meeting.

Agenda – Regular Meeting                                              Bulletin Board
June 8, 2023
Page 6 of 6

## CERTIFICATE AS TO POSTING OR GIVING OF NOTICE

On this 5th day of June, 2023 at 5:00 p.m., this notice was posted on a bulletin board at a place convenient to the public at the central administrative office of the Arlington Independent School District, 690 East Lamar Boulevard, Arlington, Texas and readily accessible to the general public at all times beginning at least 72 hours preceding the scheduled time of the meeting.

**Dr. Marcelo Cavazos, Superintendent**

**Transcript – AISD Level 4 Grievance Hearing – 6-8-23        David Jarvis**
**[On 8-30-23, Jarvis edited the draft transcript for clarity and brevity]**

**[at 1:24:59 – 1:28:00 on the AISD video recording]**

**President Fowler:**  The Arlington ISD Board of Trustees has convened today to hear the consolidated grievance appeals of Mr. David Jarvis.  Dennis Eichelbaum, an attorney, will conduct this portion of the meeting for the board.  Mr. Eichelbaum will make any rulings that may be required for the efficient presentation of this complaint.  Although he is charged with making those rulings, Mr. Eichelbaum is ultimately acting on behalf of the Board of Trustees and a majority of the Board may overrule any ruling.  If any board member wishes to discuss or move to overrule a ruling, he or she may address the President at that time.  Mr. Eichelbaum will not have any vote in the Board's final decision but may assist the Board in his legal capacity.  If there are no objections, I now turn this proceeding over to Mr. Eichelbaum.

**Mr. Eichelbaum:**  Thank you.  Consistent with board policies, GF local, and the Texas Open Meetings Act, Texas Government Code 551.074 - the board may go into a closed meeting to hear a complaint or charge against an officer or employee.  Mr. Jarvis, before the Board goes into a closed meeting, you indicated in previous emails that you wanted to raise one or more objections.  Please proceed briefly with your objections at this time without addressing the substance of your grievance.

**Mr. Jarvis:**  By the way, I am David Jarvis.  Good evening.  I've been informed that I will be allowed only 10 minutes to argue 4 different grievances.  A total of 10 minutes gives me 2 and a half minutes for each grievance which is clearly inadequate to argue four grievances.  Since it's a public grievance hearing, it's impossible for the public in our audience and the public viewing online to gain a fair understanding of the context and the history of these grievances if I'm only given 2 minutes and 30 seconds per grievance to explain my position.  During the period November (of) 22 through May (of) 23, I had 12 different grievance hearings, and in every one of those hearings, the hearing officer gave me at least 15 minutes per grievance.  Sometimes up to 20.  Since we're dealing with 4 grievances, 4 times 15 is 60 minutes.  I'm certainly not asking for that, but I am asking the Board and attorney Eichelbaum to give me 20 minutes.  Especially because I need to save some time - in case there's some rebuttal by the school district.  I have no idea (if a rebuttal will be presented).  I'm asking Mr. Eichelbaum, the attorney, and the Board to give me 20 minutes for this grievance argument.

**Mr. Eichelbaum:**  All right.  Thank you, Mr. Jarvis.  The Board because they had received the emails – discussed it in closed (session) and you will be granted the 20 minutes that you are requesting.

**Edited Transcript 6-8-23 AISD Level 4 Grievance Hearing (Jarvis) Page - 1**

**Mr. Jarvis:**  Okay. Thank you very much.

**Mr. Eichelbaum:**  Thank you.

**[at 1:28:00 – 1:30:46 on the AISD video recording]**

**Mr. Jarvis:**  The second issue that I wanted to speak to - it's vital in my judgment, that this hearing be open to the public.  And I want to make sure that I understand whatever boundaries you're setting – the things that I cannot say which will trigger a closed session.  I'm not clear, so maybe attorney Eichelbaum can tell me.  My plan was to refer only to an AISD attorney or an AISD senior official.  Is that sufficient by not naming the attorney or naming who the official is?

**Mr. Eichelbaum**:  The board did discuss your concerns with respect to these issues that you did reference in your email, and they have decided that the meeting will in closed (session) pursuant to board policy.  Unless there are any other objections. I'm going to overrule your objection.

**Mr. Jarvis:**  Okay, can you tell me, what is the basis of closure of this hearing if I do not identify any person- if I just say an AISD official?  How could that be interpreted as a charge against an official?  This grievance is toward this board - based on the conduct of your employees.  If I don't name, the person's name of the employee -- how in the world could that trigger a closed session?

**Mr. Eichelbaum**:  You referenced in your email, Mr. Jarvis - that you would be referring to trustees and therefore, at this time, the Arlington Independent School District will go into a closed meeting pursuant to Texas Government code 551.071, and 551.074 to consider the consolidated grievances of Mr. Jarvis.

**Mr. Jarvis**:  Okay, why don't I agree not to refer to any trustees in my argument?

**Mr. Eichelbaum**:  Your objection has been overruled, sir.  At 8:23 p.m. The Board will now go into closed session.  I respectfully ask that everyone except the grievant and the administration's representative exit the room into the hall at this time.

**Mr. Jarvis:**  For the record, I would like you to state on the record attorney Eichelbaum what specific part of the state statute, the Texas Open Meeting Act, are you relying on to I think unlawfully close this meeting without justification.  So, if I take this on appeal to the TEA - I want to be clear what your legal basis is.

**Mr. Eichelbaum:**  As I have stated previously, Texas Government Code 551.074.  Thank you.

**Mr. Jarvis:**  But that is very limited to personnel issues…

**Edited Transcript 6-8-23 AISD Level 4 Grievance Hearing (Jarvis) Page - 2**

**Mr. Eichelbaum:**  Mr. Jarvis, I have ruled on your objection.

**[at 1:31:09 – 1:33:13 on the AISD video recording]**

**President Fowler:**  I will at this time reconvene into Open Session.  The time is 9:40 p.m.  The Board concluded its closed meeting at 9:40 p.m.  No action was taken in a closed meeting.  The Board has completed its deliberation with respect to the consolidated grievances of David Jarvis.  At this time, does anyone wish to make a motion?

**Mr. Chapa**: I do.

**President Fowler:**  Mr. Chapa.

**Mr. Chapa:** Thank you, President Fowler.  Before I make my motion, I'd like to make a brief statement.  The grievance process is to determine whether the administration violated law or policy.  Mr. Jarvis's grievances sought answers to hypothetical questions and asserted his disagreement with discretionary decisions.  That a grievant does not like an answer, a particular decision, an act, or a failure to act does not constitute a violation of law or policy.  It is important to note that AISD has statutory limitations on when it can share information such as student and employee discipline.  We expect that AISD representatives will conduct themselves with professionalism and courtesy.  However, having found no violation of law or policy or an arbitrary or capricious act, I move to affirm the administration's decisions with respect to the grievances and deny all relief requested.

**President Fowler:**  I have a motion from Mr. Chapa, and I will second the motion.  Please vote.  All vote in the affirmative.  At this time, we will close the meeting. The time is 9:42 p.m.

[END].

EXHIBIT B

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Janelle Davis on behalf of Janelle Davis
Bar No. 24059655
janelle@janelleldavislaw.com
Envelope ID: 83586942
Filing Code Description: Petition
Filing Description: Plaintiffs' Original Petition
Status as of 1/19/2024 1:21 PM CST

Associated Case Party: David Jarvis

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Janelle Davis | | janelle@janelleldavislaw.com | 1/19/2024 1:07:28 PM | SENT |

Associated Case Party: Citizens Defending Freedom

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Janelle Davis | | janelle@janelleldavislaw.com | 1/19/2024 1:07:28 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jonathan Hullihan | | jonathan@hullihanlaw.com | 1/19/2024 1:07:28 PM | SENT |

## <u>CITATIONS</u>

Citations were requested and issued by the clerk's office but never executed.  Counsel for the defendants accepted service on behalf of all defendants. Citations as issued are attached.

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CITATION*                    *Cause No. 236-349529-24*

### CITIZENS DEFENDING FREEDOM, ET AL
### VS.
### ARLINGTON INDEPENDENT SCHOOL DISTRICT, ET AL

## TO: ARLINGTON INDEPENDENT SCHOOL DISTRICT

B/S OFFICE OF GENERAL COUNSEL 690 E LAMAR BLVD 5TH FL ARLINGTON, TX 76011-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 236th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFFS being

CITIZENS DEFENDING FREEDOM, DAVID JARVIS

Filed in said Court on January 19th, 2024 Against
ARLINGTON INDEPENDENT SCHOOL DISTRICT, MELODY FOWLER, JUSTIN CHAPA, AARON REICH, SARAH MCMURROUGH, DAVID WILBANKS, BROOKLYN RICHARDSON, LEANNE HAYNES
For suit, said suit being numbered 236-349529-24 the nature of which demand is as shown on said
PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND a copy of which accompanies this citation.

### JONATHAN K HULLIHAN
Attorney for CITIZENS DEFENDING FREEDOM Phone No. (936)320-1200
Address     18445 STATE HWY 105 W STE 102 BOX 321 MONTGOMERY, TX 77356

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 5th day of February, 2024.

By _____
                    ANEL SAUCEDO

A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN  *23634952924000004*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at

_____ within the county of _____, State of _____ at _____ o'clock ___M

on the _____ day of _____, _____ by delivering to the within named (Def.): _____

defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND, having first endorsed on same the date of delivery.


Authorized Person/Constable/Sheriff: _____

County of _____ State of_____ By _____ Deputy

Fees $_____

State of _____ County of _____ (Must be verified if served outside the State of Texas)

Signed and sworn to by the said _____ before me this _____ day of _____, ____

to certify which witness my hand and seal of office

(Seal)                                    _____

County of _____, State of _____

*CITATION*

Cause No. 236-349529-24

CITIZENS DEFENDING FREEDOM,
ET AL

VS.

ARLINGTON INDEPENDENT
SCHOOL DISTRICT, ET AL

ISSUED

This 5th day of February, 2024

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By            ANEL SAUCEDO Deputy

---

JONATHAN K HULLIHAN
Attorney for: CITIZENS DEFENDING FREEDOM
Phone No. (936)320-1200
ADDRESS: 18445 STATE HWY 105 W
STE 102 BOX 321
MONTGOMERY, TX 77356

*CIVIL LAW*

*\*2363495292400000004\**

A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CITATION*                                    *Cause No. 236-349529-24*

### CITIZENS DEFENDING FREEDOM, ET AL
### VS.
### ARLINGTON INDEPENDENT SCHOOL DISTRICT, ET AL

TO: MELODY FOWLER

690 E LAMAR BVLD ARLINGTON, TX 76011-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 236th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFFS being

CITIZENS DEFENDING FREEDOM, DAVID JARVIS

Filed in said Court on January 19th, 2024 Against
ARLINGTON INDEPENDENT SCHOOL DISTRICT, MELODY FOWLER, JUSTIN CHAPA, AARON REICH, SARAH MCMURROUGH, DAVID WILBANKS, BROOKLYN RICHARDSON, LEANNE HAYNES
For suit, said suit being numbered 236-349529-24 the nature of which demand is as shown on said
PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND a copy of which accompanies this citation.

### JONATHAN K HULLIHAN
#### Attorney for CITIZENS DEFENDING FREEDOM Phone No. (936)320-1200
#### Address    18445 STATE HWY 105 W STE 102 BOX 321 MONTGOMERY, TX 77356

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 5th day of February, 2024.

By _____
ANEL SAUCEDO

A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

---

## OFFICER'S RETURN  *23634952924000006*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION,
REQUEST FOR DISCLOSURES, AND JURY DEMAND, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

# CITATION

Cause No. 236-349529-24

CITIZENS DEFENDING FREEDOM,
ET AL

VS.

ARLINGTON INDEPENDENT
SCHOOL DISTRICT, ET AL

## ISSUED

This 5th day of February, 2024

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By                ANEL SAUCEDO Deputy

JONATHAN K HULLIHAN
Attorney for: CITIZENS DEFENDING FREEDOM
Phone No. (936)320-1200
ADDRESS: 18445 STATE HWY 105 W
STE 102 BOX 321
MONTGOMERY, TX 77356

*CIVIL LAW*

A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CITATION*                              *Cause No. 236-349529-24*

### CITIZENS DEFENDING FREEDOM, ET AL
### VS.
### ARLINGTON INDEPENDENT SCHOOL DISTRICT, ET AL

## TO: JUSTIN CHAPA

690 E LAMAR BLVD ARLINGTON, TX 76011-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 236th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFFS being

CITIZENS DEFENDING FREEDOM, DAVID JARVIS

Filed in said Court on January 19th, 2024 Against
ARLINGTON INDEPENDENT SCHOOL DISTRICT, MELODY FOWLER, JUSTIN CHAPA, AARON REICH, SARAH MCMURROUGH, DAVID WILBANKS, BROOKLYN RICHARDSON, LEANNE HAYNES
For suit, said suit being numbered 236-349529-24 the nature of which demand is as shown on said
PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND  a copy of which accompanies this citation.

### JONATHAN K HULLIHAN
Attorney for CITIZENS DEFENDING FREEDOM Phone No. (936)320-1200
Address      18445 STATE HWY 105 W STE 102 BOX 321 MONTGOMERY, TX 77356

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 5th day of February, 2024.

By _____
ANEL SAUCEDO

A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN  *23634952924000009*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION,
REQUEST FOR DISCLOSURES, AND JURY DEMAND, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____            _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                    _____
County of _____, State of _____

# CITATION

Cause No. 236-349529-24

CITIZENS DEFENDING FREEDOM,
ET AL

VS.

ARLINGTON INDEPENDENT
SCHOOL DISTRICT, ET AL

ISSUED

This 5th day of February, 2024

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By                    ANEL SAUCEDO Deputy

JONATHAN K HULLIHAN
Attorney for: CITIZENS DEFENDING FREEDOM
Phone No. (936)320-1200
ADDRESS: 18445 STATE HWY 105 W
STE 102 BOX 321
MONTGOMERY, TX 77356

*CIVIL LAW*



*16349529240000009*

SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

| *CITATION* | *Cause No. 236-349529-24* |

### CITIZENS DEFENDING FREEDOM, ET AL
### VS.
### ARLINGTON INDEPENDENT SCHOOL DISTRICT, ET AL

## TO: AARON REICH

690 E LAMAR BLVD ARLINGTON, TX 76011-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 236th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFFS being

CITIZENS DEFENDING FREEDOM, DAVID JARVIS

Filed in said Court on January 19th, 2024 Against
ARLINGTON INDEPENDENT SCHOOL DISTRICT, MELODY FOWLER, JUSTIN CHAPA, AARON REICH, SARAH MCMURROUGH, DAVID WILBANKS, BROOKLYN RICHARDSON, LEANNE HAYNES
For suit, said suit being numbered 236-349529-24 the nature of which demand is as shown on said
PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND  a copy of which accompanies this citation.

### JONATHAN K HULLIHAN
Attorney for CITIZENS DEFENDING FREEDOM Phone No. (936)320-1200
Address    18445 STATE HWY 105 W STE 102 BOX 321 MONTGOMERY, TX 77356
_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 5th day of February, 2024.

By _____

ANEL SAUCEDO

A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN  *23634952924000007*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ___M on the _____ day of _____, _____ by delivering to the within named (Def.): _____ defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
_____
County of _____, State of _____

# CITATION

Cause No. 236-349529-24

CITIZENS DEFENDING FREEDOM,
ET AL

VS.

ARLINGTON INDEPENDENT
SCHOOL DISTRICT, ET AL.

ISSUED

This 5th day of February, 2024

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By          ANEL SAUCEDO Deputy

JONATHAN K HULLIHAN
Attorney for: CITIZENS DEFENDING FREEDOM
Phone No. (936)320-1200
ADDRESS: 18445 STATE HWY 105 W
STE 102 BOX 321
MONTGOMERY, TX 77356

*CIVIL LAW*


*23634952924000007*

SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL



A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CITATION*                                    *Cause No. 236-349529-24*

CITIZENS DEFENDING FREEDOM, ET AL
VS.
ARLINGTON INDEPENDENT SCHOOL DISTRICT, ET AL

### TO: SARAH MCMURROUGH

690 E LAMAR BLVD ARLINGTON, TX 76011-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION,
REQUEST FOR DISCLOSURES, AND JURY DEMAND at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 236th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFFS being

CITIZENS DEFENDING FREEDOM, DAVID JARVIS

Filed in said Court on January 19th, 2024 Against
ARLINGTON INDEPENDENT SCHOOL DISTRICT, MELODY FOWLER, JUSTIN CHAPA, AARON REICH, SARAH MCMURROUGH, DAVID WILBANKS,
BROOKLYN RICHARDSON, LEANNE HAYNES
For suit, said suit being numbered 236-349529-24 the nature of which demand is as shown on said
PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND  a copy of which accompanies this citation.

### JONATHAN K HULLIHAN
Attorney for CITIZENS DEFENDING FREEDOM Phone No. (936)320-1200
Address    18445 STATE HWY 105 W STE 102 BOX 321 MONTGOMERY, TX 77356

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 5th day of February, 2024.

By _____
ANEL SAUCEDO

A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.
### Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN  *23634952924000005*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION,
REQUEST FOR DISCLOSURES, AND JURY DEMAND, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____

County of _____ State of_____ By _____ Deputy

Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

# CITATION

Cause No. 236-349529-24

CITIZENS DEFENDING FREEDOM,
ET AL

VS.

ARLINGTON INDEPENDENT
SCHOOL DISTRICT, ET AL

ISSUED

This 5th day of February, 2024

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By                    ANEL SAUCEDO Deputy



JONATHAN K HULLIHAN
Attorney for: CITIZENS DEFENDING FREEDOM
Phone No. (936)320-1200
ADDRESS: 18445 STATE HWY 105 W
STE 102 BOX 321
MONTGOMERY, TX 77356

*CIVIL LAW*

*263495292400000005*

SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL



A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CITATION*                                    *Cause No. 236-349529-24*

### CITIZENS DEFENDING FREEDOM, ET AL
### VS.
### ARLINGTON INDEPENDENT SCHOOL DISTRICT, ET AL

### TO: DAVID WILBANKS

690 E LAMAR BLVD ARLINGTON, TX 76011-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION,
REQUEST FOR DISCLOSURES, AND JURY DEMAND at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 236th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFFS being

CITIZENS DEFENDING FREEDOM, DAVID JARVIS

Filed in said Court on January 19th, 2024 Against
ARLINGTON INDEPENDENT SCHOOL DISTRICT, MELODY FOWLER, JUSTIN CHAPA, AARON REICH, SARAH MCMURROUGH, DAVID WILBANKS,
BROOKLYN RICHARDSON, LEANNE HAYNES
For suit, said suit being numbered 236-349529-24 the nature of which demand is as shown on said
PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND a copy of which accompanies this citation.

### JONATHAN K HULLIHAN
### Attorney for CITIZENS DEFENDING FREEDOM Phone No. (936)320-1200
### Address      18445 STATE HWY 105 W STE 102 BOX 321 MONTGOMERY, TX 77356

Thomas A. Wilder , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 5th day of February, 2024

By _____

ANEL SAUCEDO

A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
DEPUTY
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

### OFFICER'S RETURN  *23634952924000008*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION,
REQUEST FOR DISCLOSURES, AND JURY DEMAND, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____

County of _____ State of _____ By _____ Deputy

Fees $ _____

State of _____ County of _____ (Must be verified if served outside the State of Texas)

Signed and sworn to by the said _____ before me this _____ day of _____, ____

to certify which witness my hand and seal of office
(Seal)

County of _____, State of _____

# CITATION

Cause No. 236-349529-24

CITIZENS DEFENDING FREEDOM,
ET AL

VS.

ARLINGTON INDEPENDENT
SCHOOL DISTRICT, ET AL

ISSUED

This 5th day of February, 2024

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By                    ANEL SAUCEDO Deputy

JONATHAN K HULLIHAN
Attorney for: CITIZENS DEFENDING FREEDOM
Phone No. (936)320-1200
ADDRESS: 18445 STATE HWY 105 W
STE 102 BOX 321
MONTGOMERY, TX 77356

*CIVIL LAW*

*363495292400000B*

SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

# THE STATE OF TEXAS
## DISTRICT COURT, TARRANT COUNTY

*CITATION*                    *Cause No. 236-349529-24*

### CITIZENS DEFENDING FREEDOM, ET AL
### VS.
### ARLINGTON INDEPENDENT SCHOOL DISTRICT, ET AL

#### TO: BROOKLYN RICHARDSON

690 E LAMAR BLVD ARLINGTON, TX 76011-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 236th District Court ,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFFS being

CITIZENS DEFENDING FREEDOM, DAVID JARVIS

Filed in said Court on January 19th, 2024 Against
ARLINGTON INDEPENDENT SCHOOL DISTRICT, MELODY FOWLER, JUSTIN CHAPA, AARON REICH, SARAH MCMURROUGH, DAVID WILBANKS, BROOKLYN RICHARDSON, LEANNE HAYNES
For suit, said suit being numbered 236-349529-24 the nature of which demand is as shown on said
PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND a copy of which accompanies this citation.

### JONATHAN K HULLIHAN
### Attorney for CITIZENS DEFENDING FREEDOM Phone No. (936)320-1200
### Address    18445 STATE HWY 105 W STE 102 BOX 321 MONTGOMERY, TX 77356

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 5th day of February, 2024.

By _____

ANEL SAUCEDO

A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

## OFFICER'S RETURN  *23634952924000010*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION,
REQUEST FOR DISCLOSURES, AND JURY DEMAND, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____

County of _____ State of_____ By _____ Deputy

Fees $_____

State of _____ County of _____ (Must be verified if served outside the State of Texas)

Signed and sworn to by the said _____ before me this _____ day of _____, _____

to certify which witness my hand and seal of office

(Seal)

County of _____, State of _____

# CITATION

Cause No. 236-349529-24

CITIZENS DEFENDING FREEDOM,
ET AL

VS.

ARLINGTON INDEPENDENT
SCHOOL DISTRICT, ET AL

ISSUED

This 5th day of February, 2024

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By                    ANEL SAUCEDO Deputy

JONATHAN K HULLIHAN
Attorney for: CITIZENS DEFENDING FREEDOM
Phone No. (936)320-1200
ADDRESS: 18445 STATE HWY 105 W
STE 102 BOX 321
MONTGOMERY, TX 77356

*CIVIL LAW*



*236349529240000010*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION*                                    *Cause No. 236-349529-24*

CITIZENS DEFENDING FREEDOM, ET AL
VS.
ARLINGTON INDEPENDENT SCHOOL DISTRICT, ET AL

TO: LEANNE HAYNES

690 E LAMAR BLVD ARLINGTON, TX 76011-

You said DEFENDANTS are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION,
REQUEST FOR DISCLOSURES, AND JURY DEMAND at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 236th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFFS being

CITIZENS DEFENDING FREEDOM, DAVID JARVIS

Filed in said Court on January 19th, 2024 Against
ARLINGTON INDEPENDENT SCHOOL DISTRICT, MELODY FOWLER, JUSTIN CHAPA, AARON REICH, SARAH MCMURROUGH, DAVID WILBANKS,
BROOKLYN RICHARDSON, LEANNE HAYNES
For suit, said suit being numbered 236-349529-24 the nature of which demand is as shown on said
PLAINTIFFS' ORIGINAL PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND a copy of which accompanies this citation.

JONATHAN K HULLIHAN
Attorney for CITIZENS DEFENDING FREEDOM Phone No. (936)320-1200
Address        18445 STATE HWY 105 W STE 102 BOX 321 MONTGOMERY, TX 77356

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 5th day of February, 2024.

By _____

ANEL SAUCEDO

A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of
twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures
to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

OFFICER'S RETURN  *23634952924000011*

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFFS' ORIGINAL PETITION,
REQUEST FOR DISCLOSURES, AND JURY DEMAND, having first endorsed on same the date of delivery.


Authorized Person/Constable/Sheriff: _____
        County of _____ State of_____ By _____ Deputy
Fees $_____      _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                                            _____
                        County of _____, State of _____

# CITATION

Cause No. 236-349529-24

CITIZENS DEFENDING FREEDOM,
ET AL

VS.

ARLINGTON INDEPENDENT
SCHOOL DISTRICT, ET AL.

ISSUED

This 5th day of February, 2024

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By                    ANEL SAUCEDO Deputy

JONATHAN K HULLIHAN
Attorney for: CITIZENS DEFENDING FREEDOM
Phone No. (936)320-1200
ADDRESS: 18445 STATE HWY 105 W
STE 102 BOX 321
MONTGOMERY, TX 77356

*CIVIL LAW*

*4634952924000011*

SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
ORIGINAL

A CERTIFIED COPY
ATTEST: 02/05/2024
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Anel Saucedo

FILED
TARRANT COUNTY
2/23/2024 11:56 AM
THOMAS A. WILDER
DISTRICT CLERK

NO. 236-349529-24

| | | |
|---|---|---|
| CITIZENS DEFENDING FREEDOM And DAVID JARVIS, *Plaintiffs,* | § § § § | IN THE DISTRICT COURT |
| v. | § § § | |
| ARLINGTON INDEPENDENT SCHOOL DISTRICT, and MELODY FOWLER, JUSTIN CHAPA, AARON REICH, SARAH MCMURROUGH, DAVID WILBANKS, BROOKLYN RICHARDSON, and LEANNE HAYNES, in their official capacities as the ARLINGTON INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES *Defendant.* | § § § § § § § § § § § | TARRANT COUNTY, TEXAS 236TH JUDICIAL DISTRICT |

**DEFENDANTS' PLEA TO THE JURISDICTION, PLEA IN BAR, MOTION TO DISMISS, GENERAL DENIAL, OBJECTIONS AND SPECIAL EXCEPTIONS, AND ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Arlington Independent School District ("AISD"), along with Melody Fowler, Justin Chapa, Sarah McMurrough, Dr. Aaron Reich, David Wilbanks, Brooklyn Ricardson, and Leeanne Haynes, (these individuals are referred to herein collectively as "the Board of Trustees")[1] files this, their Plea to the Jurisdiction, Plea in Bar, Motion to Dismiss, General Denial, Objections and Special Exceptions, and Answer to Plaintiffs' Original Petition ("Petition"), and in support of the same, would show the Court as follows:

**A. PLEA TO THE JURISDICTION**

1.      Texas law requires that an aggrieved party must first exhaust all remedies provided under

---

[1] AISD and the Board of Trustees are together referred to herein as "Defendants."

CDF/Jarvis v. Arlington ISD, et al.                                             Page **1** of **8**
*Defendants' PTJ, MTD, General Denial, Objections, Special Exceptions And Answer*

the statutory administrative scheme if the subject matter (1) concerns the administration of school laws, and (2) involves questions of fact. *Jones v. Dallas ISD*, 872 S.W.2d 294, 296 (Tex. App.—Dallas 1994, writ denied); *Mission ISD v. Diserens*, 144 Tex. 107, 188 S.W.2d 568, 570 (1945).

> The requirement that parties exhaust administrative remedies does not deprive parties of their legal rights. Instead, it honors the Legislature's intent that "the appropriate body adjudicates the dispute" first, and thereby "ensure[s] an orderly procedure to enforce those rights." By requiring the agency to address the complaints first, the law permits the agency to apply its expertise and exercise its discretion to resolve the issue and to develop a complete factual record if the courts later get involved.

*Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 544 (Tex. 2016), internal and external citations omitted.

> Although section 7.057(a) provides that a person "may" appeal to the Commissioner, we have interpreted the statute to require a person who chooses to appeal to first seek relief through the administrative process. For well over one hundred years, we have held that persons complaining about the "management of the school system" or the "administration of school laws" must exhaust their administrative remedies before courts can exercise jurisdiction.

*Id.* at 545–46, internal citations omitted.

2.      Plaintiffs have failed to exhaust their administrative remedies. Tex. Educ. Code §§ 22.0514; 7.057. Whether the grievance of a party is against a professional employee of the school district or against the school district itself, a complainant must exhaust his administrative remedies in order to facilitate settlement before resorting to the judiciary for resolution. *Rubalcaba v. Raymondville ISD*, No. 13-14-00224-CV, 2016 WL 1274486, at *5 (Tex. App.—Corpus Christi–Edinburg Mar. 31, 2016, no pet.) (citing *Grimes v. Stringer*, 957 S.W.2d 865, 869 (Tex. App.–Tyler 1997, pet. denied)).

3.      Plaintiffs fail to set forth any claim under Texas Education Code section 551.007(e), as Plaintiffs are not claiming they were denied the right to speak during public forum.

4.      Because the Board of Trustees are sued in their official capacity, and AISD is also sued, the Board of Trustees must be dismissed. *See* Tex. Civ. Prac. & Rem. Code § 101.106(a); *see also New Caney Indep. Sch. Dist. Bd. of Trustees v. Burnham Autocountry, Inc.*, 960 S.W.2d 957, 959 (Tex. App.—Texarkana 1998, no pet.) ("In the context of parties, a school district and its board of trustees, acting in its official capacity only, are one and the same entity.").

5.      Defendant AISD has sovereign immunity from this suit.

6.      Citizens Defending Freedom (hereinafter referred to as "CDF") has no standing to bring this suit. There is no factual allegation that CDF filed a grievance with AISD, or was party to David Jarvis's grievance, based upon which this suit is filed.

> [A]n association has standing to sue on behalf of its members when "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 447 (Tex. 1993) (citing *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 343 (1977)); *see also New York State Club Ass'n v. City of New York*, 487 U.S. 1, 9, (1988); *International Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. Brock*, 477 U.S. 274, 282, (1986).

7.      CDF failed to exhaust their administrative remedies by failing to grieve before AISD.

## B.  PLEA IN BAR

8.      Members of the Board of Trustees are individually considered "professional employees of the school district." Tex. Educ. Code § 22.051(e).

9.      Plaintiffs have sued both AISD and the Board of Trustees. Under Texas Civil Practices & Remedies Code § 101.106(a):

> The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

10. Because Plaintiffs sued both AISD and its Board of Trustees for the same claims, the immediate and forever bar applies and the Board of Trustees may not be sued in this matter.

11. Suing the Board of Trustees and AISD is superfluous, as "[i]n the context of parties, a school district and its board of trustees, acting in its official capacity only, are one and the same entity." *New Caney Indep. Sch. Dist. Bd. of*, 960 S.W.2d at 959.

## C. MOTION TO DISMISS

12. Pursuant to Rule 91a, the AISD moves to dismiss this suit as having no basis in law. Tex. R. Civ. P. 91a.

13. This case has no basis in law because the allegations taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. Tex. R. Civ. P. 91a.1.

> Governmental entities are immune from tort liability under the doctrine of sovereign immunity unless the legislature has waived immunity. *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998). Sovereign immunity has two components: immunity from liability and immunity from suit. *Wichita Falls St. Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003). Immunity from suit is waived to the extent of liability created by the TTCA. Tex. Civ. Prac. & Rem. Code § 101.025(a) (Vernon 2005); *Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Immunity from suit protects the state from being sued without its consent. *Texas DOT v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Absent the State's consent to suit, a trial court lacks subject matter jurisdiction. *See id*. Whether a trial court has subject matter jurisdiction is a question of law reviewed de novo. *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

*Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 783–84 (Tex. App.—Waco 2005, pet. denied).

14.    School districts may hold complaints against individuals in closed meeting. Tex. Gov't Code § 551.074(a)(2).

> "[Grievant] asked the Board to hold her hearing in public, which it would have done. [Grievant], though, sought in the hearing to complain about a District employee—Barrier Lanier—and to ask that the Board fire her. This triggered BEC (Legal), a reasonable, viewpoint-neutral rule of general applicability: the Board will hear in closed session matters relating to "the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public ... employee"—unless the subject of that personnel matter requests otherwise. Although [Grievant] wanted her own issues aired to the public, she also wanted to seek dismissal of Barrier Lanier, a different employee who did not.

*Fairchild v. Liberty Indep. Sch. Dist*., 597 F.3d 747, 763 (5th Cir. 2010).

15.    To establish the right to a remedy and a court's jurisdiction, one must plead a cause of action. To establish that a cause of action has no basis in law, "the defendant must demonstrate that recovery by the plaintiff is foreclosed as a matter of law—i.e., that it is legally impossible for the plaintiff to recover on the claims in its petition—because either (1) the causes of action in the petition are not recognized by Texas law or (2) the plaintiff has alleged facts that defeat those causes of action under settled law (i.e., the plaintiff has pleaded itself out of court)." *In re Shire PLC*, 633 S.W.3d 1, 19 (Tex. App.—Texarkana 2021, no pet.) (orig. proceeding) (internal citations omitted). "A plaintiff pleads himself out of court by alleging facts that render success on the merits impossible." *Id.* at 25.

16.    Plaintiff Jarvis' grievance included the following employee actions for which he grieved:

policy. Both Dr. Hill and Dr. Cavazos have lawlessly acted to improperly limit the plain wording of the unlawful retaliation prohibition. Without the authority and approval of the Board, both Dr. Hill and Dr. Cavazos have wrongly unilaterally amended the AISD grievance policy that only the Board can amend.

*See* Letter to Hullihan, attached hereto as Exhibit A. Plaintiff Jarvis complained that Dr. Hill and Dr. Cavazos "lawlessly acted to improperly limit the plain wording of the unlawful retaliation prohibition." That is a complaint against individuals, accusing them of violating the law. As a matter of law, Dr. Hill and Dr. Cavazos had the right to have this hearing in a closed meeting.[2]

17.     While the Board held the hearing on Jarvis' grievance in closed session, the Board held the vote in open session. Therefore, no voidable action took place. "We also note that even if Board members expressed opinions in closed session, or closed session with counsel in violation of the Act's exception and notice provisions, if the final vote occurred in open session, no voidable final action was taken." *Tex. State Bd. of Pub. Accountancy v. Bass*, 366 S.W.3d 751, 764– 65 (Tex. App.–Austin, 2012 no pet.) (citing *United Indep. Sch. Dist. v. Gonzalez*, 911 S.W.2d 118, 128 (Tex. App.–San Antonio 1995, writ denied) (op. on reh'g) (holding no TOMA violation occurred when a vote took place in open session after any alleged violation occurred in closed session))

### D.  GENERAL DENIAL

18.     Pursuant to Texas Rule of Civil Procedure 92, Defendants generally denies the allegations in Plaintiffs' Original Petition and demands strict proof of the same. Tex. R. Civ. P. 92.

### E.  SPECIAL EXCEPTIONS

Pursuant to Texas Rules of Civil Procedure 90 and 91, AISD specially excepts to Plaintiffs'

---

[2] Plaintiffs claim "On the record, Plaintiff Jarvis agreed to discuss only the policy of the board which made up the basis of the grievance, without naming any officials or trustees by name or position that would formulate a basis for a TOMA exception as a "a complaint or charge against an officer or employee." Plaintiffs' Original Petition at 9, ¶ 33. Mr. Jarvis made the same promise that he would not publicly attack the character of Dr. Cavazos on February 22, 2024, when he was given an open meeting hearing on a different grievance. He proceeded to then attack Dr. Cavazos by name, proving he cannot be taken at his word, and the decision to go to closed was the correct decision.

Original Petition as follows:

19.     Defendants specially except in that Plaintiffs have failed to show they have exhausted their administrative remedies.

20.     Defendants specially except to CDF's standing in that CDF has failed to plead facts that show they meet the criteria to bring this suit.

21.     The Board of Trustees are sued in their official capacity, and since the school district is also sued, they should be dismissed.

22.     Because Plaintiffs sued both the AISD and its Board of Trustees in tort, the suit against the Board of Trustees is statutorily barred.

## F.   AFFIRMATIVE DEFENSES

23.     Plaintiffs failed to exhaust administrative remedies as required.

24.     Plaintiff CDF does not have standing to bring this suit.

25.     The Board of Trustees should be dismissed due to the statutory bar.

26.     Plaintiff has not set forth a claim upon which relief may be granted.

27.     Any suit brought against the AISD and its Board of Trustees in their official capacity is duplicative and the Board of Trustees should be dismissed.

28.     All headings are meant for purposes of style and not substance. All arguments are universal and incorporated as part of each motion or plea herein.

## G.   PRAYER

For the reasons set forth above, Defendants oppose the Petition. Accordingly, Defendants respectfully pray this Court grant its motion to dismiss, plea in bar, and/or plea to the jurisdiction,

that the lawsuit be dismissed in all respects, and that Defendants be granted all relief this Court deems appropriate, both in equity and in law.

Respectfully submitted,

By: /s/Dennis J. Eichelbaum
Dennis J. Eichelbaum
Texas Bar No. 06491700
dje@edlaw.com
Lead Counsel

Emma J. Darling
Texas Bar No. 24110889
ejd@edlaw.com

Andrea L. Mooney
Texas Bar No. 24065449
alm@edlaw.com

**Eichelbaum Wardell**
**Hansen Powell and Muñoz, P.C.**
5801 Tennyson Parkway, Suite 360
Plano, Texas 75024
(Tel.) 972-377-7900
(Fax) 972-377-7277
*Attorneys for Defendants*

## Certificate of Service

I certify that on February 23, 2024, a true and correct copy of this document was filed using the court's electronic filing system, which will electronically serve all registered counsel of record, including but not limited to:

Janelle Davis, Counsel for Plaintiffs Citizens Defending Freedom and David Jarvis

Jonathan Hullihan, Counsel for Plaintiffs Citizens Defending Freedom and David Jarvis

/s/ Dennis J. Eichelbaum



September 28, 2023


Jonathan K. Hullihan, Esq.
General Counsel & Chief of Legal Operations
"Citizens Defending Freedom"
jhullihan@ccdfusa-law.com


Re:    Letter dated September 21, 2023

Dear Mr. Hullihan:

Thank you for your letter of September 21, 2023. Arlington Independent School District always strives to maintain transparency in its decisions and actions, and it appears you have not been given the entire story by your client.

Mr. Jarvis' consolidated grievance was against Superintendent Cavazos and Dr. Hill. See below:

Dr. Cavazos refused to answer my questions. I asked if AISD has any policy or practice of providing guidance to teachers who are asked questions by students relating to same sex attraction, transgender issues or use of female restrooms and locker rooms by students born male, but now identify as female. I also asked if AISD requires or allows teachers to inform the student's parents about such questions. Dr. Cavazos stated that AISD does not answer hypothetical questions. He did not provide any authority to support his claim that AISD never answers hypothetical questions.

policy.  Both Dr. Hill and Dr. Cavazos have lawlessly acted to improperly limit the plain wording of the unlawful retaliation prohibition.  Without the authority and approval of the Board, both Dr. Hill and Dr. Cavazos have wrongly unilaterally amended the AISD grievance policy that only the Board can amend.

among AISD employees.  Such dereliction of duty by AISD represents a stunning failure of leadership by Dr. Cavazos (and potentially by the Board if you deny this grievance and embrace his position that AISD never answers hypothetical questions).

As you noted, Texas Government Code section 551.074 states, in part: "Sec. 551.074(a)This chapter does not require a governmental body to conduct an open meeting: (2) to hear a

EXHIBIT
A

Page 2
September 28, 2023

complaint or charge against an officer or employee." Mr. Jarvis' grievance was explicitly a complaint against and attacked the character of Dr. Cavazos and/or Dr. Hill. The AISD Board correctly indicated it would go into closed meeting under Texas Government Code sections 551.071 and 551.074. The first section enabled the board to consult with its attorney as needed and seek legal advice, the latter was for the complaint against the district employees.

As you should know, Texas Government Code section 551.007(e) has nothing to do with grievances, which are addressed elsewhere. Mr. Jarvis has in the past and continues to be permitted to present during public forum, during which he has had the opportunity to criticize AISD, its Board, and its Administration. Moreover, what is your basis for claiming 551.007(e) requires criticism in the form of a grievance to be made in an open meeting? If you have any legal foundation to support your contentions AISD is open to considering it.

I am happy to discuss with you this matter further if you wish. I believe if we discussed this matter, we might avoid the futility of litigation over this matter.

Sincerely,

Eichelbaum Wardell
Hansen Powell & Muñoz, P.C.

By: Dennis J. Eichelbaum
Dennis J. Eichelbaum
General Counsel

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dennis Eichelbaum
Bar No. 06491700
dje@edlaw.com
Envelope ID: 84838785
Filing Code Description: Answer/Response
Filing Description: Defendants' Plea to the Jurisdiction, Plea in Bar, General Denial, Objections and Special Exceptions, and Answer
Status as of 2/23/2024 1:14 PM CST

Associated Case Party: THEARLINGTON INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Andrea L.Mooney | | alm@edlaw.com | 2/23/2024 11:56:59 AM | SENT |
| Lisa FortinJackson | | lfj@edlaw.com | 2/23/2024 11:56:59 AM | SENT |
| Dennis J.Eichelbaum | | dje@edlaw.com | 2/23/2024 11:56:59 AM | SENT |
| Emma J. Darling | | ejd@edlaw.com | 2/23/2024 11:56:59 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Janelle Davis | | janelle@janelleldavislaw.com | 2/23/2024 11:56:59 AM | SENT |
| Jonathan Hullihan | | jonathan@hullihanlaw.com | 2/23/2024 11:56:59 AM | SENT |

FILED
TARRANT COUNTY
3/2024 3:55 PM
THOMAS A. WILDER
DISTRICT CLERK

Case 4:24-cv-00585-O   Document 1-1   Filed 06/24/24   Page 51 of 129   PageID 273

NO. 236-349529-24

| | | |
|---|---|---|
| CITIZENS DEFENDING FREEDOM | § | IN THE DISTRICT COURT |
| And DAVID JARVIS, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| ARLINGTON INDEPENDENT SCHOOL | § | |
| DISTRICT, and MELODY FOWLER, JUSTIN | § | TARRANT COUNTY, TEXAS |
| CHAPA, AARON REICH, SARAH | § | |
| MCMURROUGH, DAVID WILBANKS, | § | |
| BROOKLYN RICHARDSON, and LEANNE | § | |
| HAYNES, in their official capacities as the | § | |
| ARLINGTON INDEPENDENT SCHOOL | § | |
| DISTRICT BOARD OF TRUSTEES | § | |
| *Defendant.* | § | 236TH JUDICIAL DISTRICT |

## DEFENDANTS' FIRST AMENDED PLEA TO THE JURISDICTION, PLEA IN BAR, MOTION TO DISMISS, GENERAL DENIAL, OBJECTIONS AND SPECIAL EXCEPTIONS, AND ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Arlington Independent School District ("AISD"), along with Melody Fowler, Justin Chapa, Sarah McMurrough, Dr. Aaron Reich, David Wilbanks, Brooklyn Richardson, and Leeanne Haynes, (these individuals are referred to herein collectively as "the Board of Trustees")[1] files this, their First Amended Plea to the Jurisdiction, Plea in Bar, Motion to Dismiss, General Denial, Objections and Special Exceptions, and Answer to Plaintiffs' Original Petition ("Petition"), and in support of the same, would show the Court as follows:

### A. PLEA TO THE JURISDICTION

1.      Texas law requires that an aggrieved party must first exhaust all remedies provided under

---

[1] AISD and the Board of Trustees are together referred to herein as "Defendants."

the statutory administrative scheme if the subject matter (1) concerns the administration of school laws, and (2) involves questions of fact. *Jones v. Dallas ISD*, 872 S.W.2d 294, 296 (Tex. App.—Dallas 1994, writ denied); *Mission ISD v. Diserens*, 144 Tex. 107, 188 S.W.2d 568, 570 (1945).

> The requirement that parties exhaust administrative remedies does not deprive parties of their legal rights. Instead, it honors the Legislature's intent that "the appropriate body adjudicates the dispute" first, and thereby "ensure[s] an orderly procedure to enforce those rights." By requiring the agency to address the complaints first, the law permits the agency to apply its expertise and exercise its discretion to resolve the issue and to develop a complete factual record if the courts later get involved.

*Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 544 (Tex. 2016), internal and external citations omitted.

> Although section 7.057(a) provides that a person "may" appeal to the Commissioner, we have interpreted the statute to require a person who chooses to appeal to first seek relief through the administrative process. For well over one hundred years, we have held that persons complaining about the "management of the school system" or the "administration of school laws" must exhaust their administrative remedies before courts can exercise jurisdiction.

*Id.* at 545–46, internal citations omitted.

2.     Plaintiffs have failed to exhaust their administrative remedies. Tex. Educ. Code §§ 22.0514; 7.057. Whether the grievance of a party is against a professional employee of the school district or against the school district itself, a complainant must exhaust his administrative remedies in order to facilitate settlement before resorting to the judiciary for resolution. *Rubalcaba v. Raymondville ISD*, No. 13-14-00224-CV, 2016 WL 1274486, at *5 (Tex. App.—Corpus Christi–Edinburg Mar. 31, 2016, no pet.) (citing *Grimes v. Stringer*, 957 S.W.2d 865, 869 (Tex. App.–Tyler 1997, pet. denied)).

3.     Plaintiffs fail to set forth any claim under Texas Government Code section 551.007(e), as Plaintiffs are not claiming they were denied the right to speak during public forum.

4.      Because the Board of Trustees are sued in their official capacity, and AISD is also sued, the Board of Trustees must be dismissed. *See* Tex. Civ. Prac. & Rem. Code § 101.106(a); *see also New Caney Indep. Sch. Dist. Bd. of Trustees v. Burnham Autocountry, Inc.*, 960 S.W.2d 957, 959 (Tex. App.—Texarkana 1998, no pet.) ("In the context of parties, a school district and its board of trustees, acting in its official capacity only, are one and the same entity.").

5.      Defendant AISD has sovereign immunity from this suit.

6.      Citizens Defending Freedom (hereinafter referred to as "CDF") has no standing to bring this suit. There is no factual allegation that CDF filed a grievance with AISD, or was party to David Jarvis's grievance, based upon which this suit is filed.

> [A]n association has standing to sue on behalf of its members when "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."

*Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 447 (Tex. 1993) (citing *Hunt v. Washington State Apple Advertising Commission*, 432 U.S. 333, 343 (1977)); *see also New York State Club Ass'n v. City of New York*, 487 U.S. 1, 9, (1988); *International Union, United Auto., Aerospace and Agric. Implement Workers of Am. v. Brock*, 477 U.S. 274, 282, (1986).

7.      CDF failed to exhaust their administrative remedies by failing to grieve before AISD.

## B.  PLEA IN BAR

8.      Members of the Board of Trustees are individually considered "professional employees of the school district." Tex. Educ. Code § 22.051(e).

9.      Plaintiffs have sued both AISD and the Board of Trustees. Under Texas Civil Practices & Remedies Code § 101.106(a):

> The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

10.     Because Plaintiffs sued both AISD and its Board of Trustees for the same claims, the immediate and forever bar applies and the Board of Trustees may not be sued in this matter.

11.     Suing the Board of Trustees and AISD is superfluous, as "[i]n the context of parties, a school district and its board of trustees, acting in its official capacity only, are one and the same entity." *New Caney Indep. Sch. Dist. Bd. of*, 960 S.W.2d at 959.

## C.  MOTION TO DISMISS

12.     Pursuant to Rule 91a, the AISD moves to dismiss this suit as having no basis in law. Tex. R. Civ. P. 91a.

13.     This case has no basis in law because the allegations taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. Tex. R. Civ. P. 91a.1.

> Governmental entities are immune from tort liability under the doctrine of sovereign immunity unless the legislature has waived immunity. *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998). Sovereign immunity has two components: immunity from liability and immunity from suit. *Wichita Falls St. Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003). Immunity from suit is waived to the extent of liability created by the TTCA. Tex. Civ. Prac. & Rem. Code § 101.025(a) (Vernon 2005); *Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Immunity from suit protects the state from being sued without its consent. *Texas DOT v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Absent the State's consent to suit, a trial court lacks subject matter jurisdiction. *See id*. Whether a trial court has subject matter jurisdiction is a question of law reviewed de novo. *Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

*Waxahachie Indep. Sch. Dist. v. Johnson*, 181 S.W.3d 781, 783–84 (Tex. App.—Waco 2005, pet. denied).

14.     School districts may hold complaints against individuals in closed meeting. Tex. Gov't

Code § 551.074(a)(2).

> "[Grievant] asked the Board to hold her hearing in public, which it would have
> done. [Grievant], though, sought in the hearing to complain about a District
> employee—Barrier Lanier—and to ask that the Board fire her. This triggered BEC
> (Legal), a reasonable, viewpoint-neutral rule of general applicability: the Board will
> hear in closed session matters relating to "the appointment, employment,
> evaluation, reassignment, duties, discipline, or dismissal of a public ...
> employee"—unless the subject of that personnel matter requests otherwise.
> Although [Grievant] wanted her own issues aired to the public, she also wanted to
> seek dismissal of Barrier Lanier, a different employee who did not.

*Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 763 (5th Cir. 2010).

15.     To establish the right to a remedy and a court's jurisdiction, one must plead a cause of

action. To establish that a cause of action has no basis in law, "the defendant must demonstrate

that recovery by the plaintiff is foreclosed as a matter of law—i.e., that it is legally impossible for

the plaintiff to recover on the claims in its petition—because either (1) the causes of action in the

petition are not recognized by Texas law or (2) the plaintiff has alleged facts that defeat those

causes of action under settled law (i.e., the plaintiff has pleaded itself out of court)." *In re Shire*

*PLC*, 633 S.W.3d 1, 19 (Tex. App.—Texarkana 2021, no pet.) (orig. proceeding) (internal citations

omitted). "A plaintiff pleads himself out of court by alleging facts that render success on the merits

impossible." *Id.* at 25.

16.     Plaintiff Jarvis' grievance included the following employee actions for which he grieved:

> policy. Both Dr. Hill and Dr. Cavazos have lawlessly acted to improperly limit the
> plain wording of the unlawful retaliation prohibition. Without the authority and
> approval of the Board, both Dr. Hill and Dr. Cavazos have wrongly unilaterally
> amended the AISD grievance policy that only the Board can amend.

*See* Letter to Hullihan, attached hereto as Exhibit A. Plaintiff Jarvis complained that Dr. Hill and Dr. Cavazos "lawlessly acted to improperly limit the plain wording of the unlawful retaliation prohibition." That is a complaint against individuals, accusing them of violating the law. As a matter of law, Dr. Hill and Dr. Cavazos had the right to have this hearing in a closed meeting.[2]

17.     While the Board held the hearing on Jarvis' grievance in closed session, the Board held the vote in open session. Therefore, no voidable action took place. "We also note that even if Board members expressed opinions in closed session, or closed session with counsel in violation of the Act's exception and notice provisions, if the final vote occurred in open session, no voidable final action was taken." *Tex. State Bd. of Pub. Accountancy v. Bass*, 366 S.W.3d 751, 764– 65 (Tex. App.–Austin, 2012 no pet.) (citing *United Indep. Sch. Dist. v. Gonzalez*, 911 S.W.2d 118, 128 (Tex. App.–San Antonio 1995, writ denied) (op. on reh'g) (holding no TOMA violation occurred when a vote took place in open session after any alleged violation occurred in closed session))

### D.  GENERAL DENIAL

18.     Pursuant to Texas Rule of Civil Procedure 92, Defendants generally denies the allegations in Plaintiffs' Original Petition and demands strict proof of the same. Tex. R. Civ. P. 92.

### E.  SPECIAL EXCEPTIONS

Pursuant to Texas Rules of Civil Procedure 90 and 91, AISD specially excepts to Plaintiffs'

---

[2] Plaintiffs claim "On the record, Plaintiff Jarvis agreed to discuss only the policy of the board which made up the basis of the grievance, without naming any officials or trustees by name or position that would formulate a basis for a TOMA exception as a "a complaint or charge against an officer or employee." Plaintiffs' Original Petition at 9, ¶ 33. Mr. Jarvis made the same promise that he would not publicly attack the character of Dr. Cavazos on February 22, 2024, when he was given an open meeting hearing on a different grievance. He proceeded to then attack Dr. Cavazos by name, proving he cannot be taken at his word, and the decision to go to closed was the correct decision.

Original Petition as follows:

19.     Defendants specially except in that Plaintiffs have failed to show they have exhausted their administrative remedies.

20.     Defendants specially except to CDF's standing in that CDF has failed to plead facts that show they meet the criteria to bring this suit.

21.     The Board of Trustees are sued in their official capacity, and since the school district is also sued, they should be dismissed.

22.     Because Plaintiffs sued both the AISD and its Board of Trustees in tort, the suit against the Board of Trustees is statutorily barred.

## F.  AFFIRMATIVE DEFENSES

23.     Plaintiffs failed to exhaust administrative remedies as required.

24.     Plaintiff CDF does not have standing to bring this suit.

25.     The Board of Trustees should be dismissed due to the statutory bar.

26.     Plaintiff has not set forth a claim upon which relief may be granted.

27.     Any suit brought against the AISD and its Board of Trustees in their official capacity is duplicative and the Board of Trustees should be dismissed.

28.     All headings are meant for purposes of style and not substance. All arguments are universal and incorporated as part of each motion or plea herein.

## G.  PRAYER

        For the reasons set forth above, Defendants oppose the Petition. Accordingly, Defendants respectfully pray this Court grant its motion to dismiss, plea in bar, and/or plea to the jurisdiction,

that the lawsuit be dismissed in all respects, and that Defendants be granted all relief this Court

deems appropriate, both in equity and in law.

Respectfully submitted,

By: /s/Dennis J. Eichelbaum
Dennis J. Eichelbaum
Texas Bar No. 06491700
dje@edlaw.com
Lead Counsel

Emma J. Darling
Texas Bar No. 24110889
ejd@edlaw.com

Andrea L. Mooney
Texas Bar No. 24065449
alm@edlaw.com

**Eichelbaum Wardell
Hansen Powell and Muñoz, P.C.**
5801 Tennyson Parkway, Suite 360
Plano, Texas 75024
(Tel.) 972-377-7900
(Fax) 972-377-7277
*Attorneys for Defendants*

## Certificate of Service

I certify that on March 7, 2024, a true and correct copy of this document was filed using the court's electronic filing system, which will electronically serve all registered counsel of record, including but not limited to:

Janelle Davis, Counsel for Plaintiffs Citizens Defending Freedom and David Jarvis

Jonathan Hullihan, Counsel for Plaintiffs Citizens Defending Freedom and David Jarvis

/s/ Dennis J. Eichelbaum



September 28, 2023


Jonathan K. Hullihan, Esq.
General Counsel & Chief of Legal Operations
"Citizens Defending Freedom"
jhullihan@ccdfusa-law.com


Re:     Letter dated September 21, 2023

Dear Mr. Hullihan:

Thank you for your letter of September 21, 2023. Arlington Independent School District always strives to maintain transparency in its decisions and actions, and it appears you have not been given the entire story by your client.

Mr. Jarvis' consolidated grievance was against Superintendent Cavazos and Dr. Hill. See below:

Dr. Cavazos refused to answer my questions. I asked if AISD has any policy or practice of providing guidance to teachers who are asked questions by students relating to same sex attraction, transgender issues or use of female restrooms and locker rooms by students born male, but now identify as female. I also asked if AISD requires or allows teachers to inform the student's parents about such questions. Dr. Cavazos stated that AISD does not answer hypothetical questions. He did not provide any authority to support his claim that AISD never answers hypothetical questions.

policy. Both Dr. Hill and Dr. Cavazos have lawlessly acted to improperly limit the plain wording of the unlawful retaliation prohibition. Without the authority and approval of the Board, both Dr. Hill and Dr. Cavazos have wrongly unilaterally amended the AISD grievance policy that only the Board can amend.

among AISD employees. Such dereliction of duty by AISD represents a stunning failure of leadership by Dr. Cavazos (and potentially by the Board if you deny this grievance and embrace his position that AISD never answers hypothetical questions).

As you noted, Texas Government Code section 551.074 states, in part: "Sec. 551.074(a)This chapter does not require a governmental body to conduct an open meeting: (2) to hear a

EXHIBIT
A

Page 2
September 28, 2023

complaint or charge against an officer or employee." Mr. Jarvis' grievance was explicitly a complaint against and attacked the character of Dr. Cavazos and/or Dr. Hill. The AISD Board correctly indicated it would go into closed meeting under Texas Government Code sections 551.071 and 551.074. The first section enabled the board to consult with its attorney as needed and seek legal advice, the latter was for the complaint against the district employees.

As you should know, Texas Government Code section 551.007(e) has nothing to do with grievances, which are addressed elsewhere. Mr. Jarvis has in the past and continues to be permitted to present during public forum, during which he has had the opportunity to criticize AISD, its Board, and its Administration. Moreover, what is your basis for claiming 551.007(e) requires criticism in the form of a grievance to be made in an open meeting? If you have any legal foundation to support your contentions AISD is open to considering it.

I am happy to discuss with you this matter further if you wish. I believe if we discussed this matter, we might avoid the futility of litigation over this matter.

Sincerely,


Eichelbaum Wardell
Hansen Powell & Muñoz, P.C.


By: Dennis J. Eichelbaum
Dennis J. Eichelbaum
General Counsel

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dennis Eichelbaum
Bar No. 06491700
dje@edlaw.com
Envelope ID: 85326086
Filing Code Description: Amended Filing
Filing Description: Defendants' First Amended Plea to the Jurisdiction, Plea in Bar, Motion to Dismiss, General Denial, Objections and Special Exceptions and Answer
Status as of 3/7/2024 4:17 PM CST

Associated Case Party: THEARLINGTON INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dennis J.Eichelbaum | | dje@edlaw.com | 3/7/2024 3:55:08 PM | SENT |
| Andrea L.Mooney | | alm@edlaw.com | 3/7/2024 3:55:08 PM | SENT |
| Lisa FortinJackson | | lfj@edlaw.com | 3/7/2024 3:55:08 PM | SENT |
| Emma J. Darling | | ejd@edlaw.com | 3/7/2024 3:55:08 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Janelle Davis | | janelle@janelleldavislaw.com | 3/7/2024 3:55:08 PM | SENT |
| Jonathan Hullihan | | jonathan@hullihanlaw.com | 3/7/2024 3:55:08 PM | SENT |

FILED
TARRANT COUNTY
4/11/2024 2:54 PM
THOMAS A. WILDER
DISTRICT CLERK

NO. 236-349529-24

| | | |
|---|---|---|
| CITIZENS DEFENDING FREEDOM | § | IN THE DISTRICT COURT |
| And DAVID JARVIS, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| ARLINGTON INDEPENDENT SCHOOL | § | |
| DISTRICT, and MELODY FOWLER, JUSTIN | § | TARRANT COUNTY, TEXAS |
| CHAPA, AARON REICH, SARAH | § | |
| MCMURROUGH, DAVID WILBANKS, | § | |
| BROOKLYN RICHARDSON, and LEANNE | § | |
| HAYNES, in their official capacities as the | § | |
| ARLINGTON INDEPENDENT SCHOOL | § | |
| DISTRICT BOARD OF TRUSTEES | § | |
| *Defendant.* | § | 236TH JUDICIAL DISTRICT |

## NOTICE OF HEARING

Please be advised that the Court has set Defendant Arlington Independent School District ("AISD") and Melody Fowler, Justin Chapa, Aaron Reich, Sarah McMurrough, David Wilbanks, Brooklyn Richardson, and Leanne Haynes's *Plea to the Jurisdiction and Motion to Dismiss* for May 23, 2024, at 11:00 a.m. in the 236th Judicial District Court of Tarrant County, Texas, located at 100 North Calhoun Street, Fort Worth, Texas 76196.

Respectfully submitted,

**EICHELBAUM WARDELL HANSEN POWELL & MUÑOZ, P.C.**

BY _____

Dennis J. Eichelbaum
Texas Bar No. 06491700
deichelbaum@edlaw.com
*Lead Counsel*

Andrea L. Mooney
Texas Bar No. 24065449
alm@edlaw.com

Emma J. Darling
Texas Bar No. No. 24110889
ejd@edlaw.com

**Eichelbaum Wardell**
**Hansen Powell and Muñoz, P.C.**
5801 Tennyson Parkway, Suite 360
Plano, Texas 75024
(Tel.) 972-377-7900
(Fax) 972-377-7277
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by electronic court filing and by registered electronic mail on April 11, 2024, to the following:

Janelle L. Davis
Janelle L. Davis Law, PLLC
P.O. Box 1311
Prosper, Texas 75078
Janelle@JanelleLDavisLaw.com

Jonathan K. Hullihan
18445 State Hwy. 105 W.
Suite 102, Box 321
Montgomery, Texas 77356
jonathan@hullihanlaw.com

/s/Dennis J. Eichelbaum
Dennis J. Eichelbaum

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Dennis Eichelbaum
Bar No. 06491700
dje@edlaw.com
Envelope ID: 86563378
Filing Code Description: Notice
Filing Description: Defendants' Notice of Hearing
Status as of 4/11/2024 2:55 PM CST

Associated Case Party: THEARLINGTON INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dennis J.Eichelbaum | | dje@edlaw.com | 4/11/2024 2:54:04 PM | SENT |
| Andrea L.Mooney | | alm@edlaw.com | 4/11/2024 2:54:04 PM | SENT |
| Lisa FortinJackson | | lfj@edlaw.com | 4/11/2024 2:54:04 PM | SENT |
| Emma J. Darling | | ejd@edlaw.com | 4/11/2024 2:54:04 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Janelle Davis | | janelle@janelleldavislaw.com | 4/11/2024 2:54:04 PM | SENT |
| Jonathan Hullihan | | jonathan@hullihanlaw.com | 4/11/2024 2:54:04 PM | SENT |

FILED
TARRANT COUNTY
5/16/2024 4:42 PM
THOMAS A. WILDER
DISTRICT CLERK

## CAUSE NO. 236-349529-24

| | | |
|---|---|---|
| CITIZENS DEFENDING FREEDOM and DAVID JARVIS | § § § | IN THE DISTRICT COURT OF |
| **Plaintiffs** | § § | TARRANT COUNTY, TEXAS |
| **v.** | § § § | |
| ARLINGTON INDEPENDENT SCHOOL DISTRICT, and MELODY FOWLER, JUSTIN CHAPA, AARON REICH, SARAH MCMURROUGH, DAVID WILBANKS, BROOKLYN RICHARDSON, and LEANNE HAYNES, in their official capacities as the ARLINGTON INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES | § § § § § § § § § § § | |
| **Defendants** | § § | 236th JUDICIAL DISTRICT |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' PLEA TO THE JURISDICTION AND MOTION TO DISMISS

Plaintiffs Citizens Defending Freedom ("CDF") and David Jarvis ("Jarvis") file this Response to Defendants' Plea to the Jurisdiction and Motion to Dismiss. This Court has jurisdiction over Defendant Arlington Independent School District ("AISD") and the Defendants are proper parties to this matter. Therefore, Defendants' Plea to the Jurisdiction and Motion to Dismiss should be denied. Plaintiffs respectfully show the Court the following.

### I.      RELEVANT BACKGROUND

This case involves violations of the Texas Open Meetings Act ("TOMA") by Defendants who are charged with ensuring compliance with TOMA. TOMA requires that all meetings of governmental bodies be open to the public unless otherwise expressly authorized by law. *See* Tex. Gov't Code § 551.002. The purpose of TOMA is "to safeguard the public's interest in

knowing the workings of its governmental bodies." *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex.1991).

Defendant AISD has nearly 60,000 students enrolled and is the 13th-largest school district in Texas.[1]  As a district with more than 10,000 students, Tex. Gov. Code § 551.128 requires AISD to make a video and audio recording of reasonable quality of each regularly scheduled open meeting and work session or special called meeting if the board of trustees votes on any matter or allows public comment or testimony.

On June 8, 2023, the AISD Board of Trustees ("Board") conducted their regularly scheduled board meeting.  During the regularly scheduled board meeting, Mr. Jarvis was set to present and redress a Level IV grievance to the Board.  Prior to hearing the grievance during the regularly scheduled board meeting, AISD Counsel Mr. Dennis J. Eichelbaum was appointed by the Board to conduct and make rulings on "the efficient presentation" of the consolidated complaints and it would be conducted as a closed portion of the regularly scheduled Board meeting.  According to Tex. Gov. Code § 551.001(1), a "closed meeting" means a meeting to which the public does not have access.

On the record, Mr. Jarvis objected to a closed meeting, and agreed that he would only discuss the policy of the Board—germane to their oversight and authority over AISD.  Further, Mr. Jarvis agreed to conduct portion of the meeting without naming any officials or trustees by name or position as a complaint or charge against a specific officer or employee of AISD.  Despite this, objections made by Mr. Jarvis to discuss the grievance in a closed meeting were overruled by Mr. Eichelbaum.  When making the determination to close the regularly scheduled Board meeting, Mr. Eichelbaum cited Tex. Gov. Code § 551.071 and § 551.074 as the statutory basis, and also

---

[1] https://www.aisd.net/district/about/

ordered interested citizen observers to leave the hearing room.  The portion of the closed meeting was not broadcast or archived on the designated AISD internet website.  As a result, all members of the public were not able, nor have they been able to view or consider the deliberative process of AISD as elected officials on matters of public concern.

Additionally, as viewable by the AISD website, an archived video and audio recording of each regularly scheduled open meeting and work session or special called meeting if the board of trustees votes on any matter or allows public comment or testimony is posted to their website.[2] AISD also live streams Board meetings on their YouTube channel, which as of May 16, 2024, has over 20,000 subscribers, but may be viewed live by anyone in the world with an internet connection.[3]  Tex. Gov. Code § 551.101 provides:

> That a governmental body may not conduct the closed meeting unless a quorum of the governmental body first convenes in an open meeting for which notice has been given as provided by this chapter and during which the presiding officer publicly: (1) announces that a closed meeting will be held; and (2) identifies the section or sections of this chapter under which the closed meeting is held.

Importantly, AISD Board meetings are regularly scheduled to being at 5:00pm, and they where they are required to being in an open meeting.  Prior to entering into a closed meeting, they are required to announce the section or sections under which the closed meeting is held so the public is made aware of the general nature of the items being discussed by elected officials.  AISD does not include the beginning of open meetings in the live stream, or in the archived internet footage. In fact, as provided in the below screenshot of the AISD YouTube channel, the public is led to believe meetings begin at 6:30 pm.  As a result, the open portion to first convene the meeting by the presiding officer is not broadcast or archived as required by Tex. Gov. Code § 551.101 leaving the public devoid of matters being considered by elected officials during the closed meeting.

---

[2] https://www.aisd.net/district/board/meetings/archive/
[3] https://www.youtube.com/@ArlingtonISD



## II.    ARGUMENT AND AUTHORITIES

### A.  The Defendants' plea to the jurisdiction should be denied.

*Exhaustion of Administrative Remedies*

Defendants first argue that the Plaintiffs' claims should be dismissed because "Plaintiffs have failed to exhaust their administrative remedies." Defendants' First Am. Plea at ¶ 2. But exhaustion is not required when (i) exhaustion would be futile; (ii) Plaintiffs' claims do not involve questions of fact; and (iii) the Commissioner of Education does not have the authority to provide Plaintiffs with adequate relief. Exhaustion is also not required when a school board acts "without authority and contrary to express statutes." *See R.G.V. Vending v. Weslaco Indep. Sch. Dist.*, 995 S.W.2d 897, 899 (Tex.App.—Corpus Christi 1999, no pet.).

Defendants claim that the Plaintiff should have appealed their actions to the Commissioner of Education pursuant to Texas Education Code §§ 22.0514 and 7.057. But Plaintiffs' claims are based solely on violations of the Texas Open Meetings Act ("TOMA") found in the Texas Government Code. *See* Plaintiffs' Original Petition. Appeals to the Commissioner of Education are appropriate when they involve violations of the school laws of the state, which are all the

Commissioner has the authority to decide.  Tex. Ed. Code § 7.057(f)(2).  Exhaustion would be futile and a waste of the parties' time and resources.  *See New Caney Indep. Sch. Dist. v. Burnham AutoCountry, Inc.*, 30 S.W.3d 534 (Tex.App.—Texarkana 2000) (issues that do not pertain to the school laws of the state "are not subject to the exhaustion of remedies requirement").

Furthermore, the claims in this case involve the Defendants acting without statutory authority and in violation of express statutes.  This alone means that the Plaintiffs did not need to exhaust administrative remedies before bringing this suit.

### No Claims Under Texas Government Code § 551.007(e)

The Defendants next argue that the Plaintiffs have not stated a claim under Texas Government Code § 551.007(e) because there is no claim that they were denied to speak during public forum.  Defendants' First Am. Plea at ¶ 3.  This argument is irrelevant because Plaintiffs have alleged violations of other provisions of the TOMA.

In addition, TOMA does not require that Plaintiffs show that they were denied the right to speak before bringing a suit; it simply requires that a violation have occurred.  Defendants' argument misunderstands the allegations, which are not that they were denied the right to make public comments during the public comment portion of the meeting.  Instead, Plaintiffs allege (among other things) that the Defendants closed a meeting that should have been held in open session.  And any person may bring a suit to stop, prevent, or reverse a violation or threatened violation of the TOMA by a member of the governmental body.  *See infra*.

### The Board of Trustees are Proper Defendants

Defendants also claim that the Board of Trustees must be dismissed from this case because the AISD itself has been sued.  Defendants' First Am. Plea at ¶ 4.  But the two citations to support this argument are distinguishable from the facts of this case and therefore, not persuasive.

First, Defendants cite Tex. Civ. Prac. & Rem. Code § 101.106(a), which relates to election of remedies when suing a governmental body for tort claims. This case involves violations of the TOMA, not a tort claim. In addition, the Board of Trustees are not "employees" of AISD as that term is defined in the very chapter cited by the Defendants. *See* Tex. Civ. Prac. & Rem. Code § 101.001(2).

Second, Defendants cite an appellate court decision from 1998 that states that a school district and its board of trustees "are one and the same entity." This case involved a breach of contract matter where the district filed an answer but the board of trustees did not, and the plaintiff took a default judgment against the board of trustees. The appellate court noted that the board of trustees was a "nominal party," not that it was improper to name them. The case also did not involve a TOMA violation. This is a significant distinction because individual board members are elected officials responsible to the public for their actions and they are under a duty to ensure compliance with the provisions of TOMA. School board trustees are also not "one and the same" with the district when their obligations involve oversight and governance of the district and its staff. *See* https://www.aisd.net/district/board/ (last visited May 16, 2024) ("Governing the school district is the primary role of a school board."). Any other interpretation would make no sense and render boards of trustees meaningless and irrelevant.

Further, there are multiple provisions within TOMA that provide for individual liability of members of the governmental body that is subject to TOMA. *See, e.g.*, Tex. Gov't Code §§ 551.145; 551.146. This indicates a clear intent by the legislature to hold individual board members responsible for actions taken in violation of TOMA, making dismissal of the board members improper at this time. *See, e.g. Riley v. Commissioner's Court of Blanco Cty.*, 413 S.W.3d 774

(Tex.App.—Austin 2013) (case against the governmental body **and** the individual members of the body).

### *Sovereign Immunity*

Defendant AISD does not have sovereign immunity from this suit. Sovereign immunity prevents most tort suits against government entities unless there is an explicit constitutional waiver of immunity. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003); *Dallas County MHMR v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998). Texas courts examining the provision of Texas Government Code Section 551.142 have said that "[t]he Open Meetings Act expressly waives sovereign immunity for violations of the [A]ct." *Hays Cnty. v. Hays Cnty. Water Plan. P'ship*, 69 S.W.3d 253, 257 (Tex. App.—Austin 2002, no pet.); *Riley v. Comm'rs Court*, 413 S.W.3d 774, 776–77 (Tex. App.—Austin 2013, pet. denied); *Gillium v. Santa Fe Indep. Sch. Dist.,* No. 01–10–00351–CV, 2011 WL 1938476, at *7, 2011 Tex.App. LEXIS 3607, at *19 (Tex.App.-Houston [1st Dist.] May 12, 2011, no pet.) (mem. op.) (concluding that trial court erred by dismissing open-meetings case filed against school district because petition alleged open-meetings violation and "immunity is waived for such claims").

### *Standing of Plaintiff CDF*

With respect to standing, Defendants claim that CDF "has no standing to bring this suit." Defendants' First Am. Plea at ¶ 6. Defendants are incorrect. CDF has standing to bring this suit. Section 551.142(a) authorizes any interested person, including a member of the news media, to bring a civil action seeking either a writ of mandamus or an injunction. Tex. Gov't Code § 551.142(a); *see Cameron Cnty. Good Gov't League v. Ramon*, 619 S.W.2d 224, 230–31 (Tex. App.—Beaumont 1981, writ ref'd n.r.e.) ("It is difficult to see how the Legislature could broaden the class of 'any interested person.'").

In keeping with the purpose of the Act, standing under the Act is interpreted broadly. *See Burks v. Yarbrough*, 157 S.W.3d 876, 880 (Tex. App.—Houston [14th Dist.] 2005, no pet.); (interpreting the Open Meetings Act broadly to confer standing on any member of the interested public). Standing conferred by the Act is broader than taxpayer standing, and a citizen does not need to prove an interest different from the general public "because 'the interest protected by the Open Meetings Act is the interest of the general public.'" *Save Our Springs All., Inc. v. Lowry*, 934 S.W.2d 161, 163 (Tex. App.—Austin 1996, orig. proceeding).

The Texas Supreme Court has adopted a test to determine whether an organization or association has standing to bring suit. *See Texas Ass'n of Business v. Texas Air Control Bd.* 852 S.W.2d 440 (Tex. 1993). Under the test, an organization must show that "(1) its members have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted, nor the relief requested requires the participation of individual members in the lawsuit. *Id.* at 447-48." *Save Our Springs Alliance*, 934 S.W.2d at 163.

In *Save Our Springs Alliance v. Lowry*, the court held that the SOS Alliance met the test for organizational standing because its interest in protecting water quality in the Edwards Aquifer and Barton Springs Watershed reflected the organization's expressed purpose. *Id.* Furthermore, "neither the claim that the Open Meetings Act was violated nor the requested injunction requires the participation of individual members of the organization." *Id.*

As an organization, CDF meets the standing requirement because, just as in *SOS*, the organization's interest is found to reflect its express purpose. Specifically, CDF is a nonpartisan grassroots organization committed to resolving breaches of freedom and liberty for the general public through local awareness, local light, and local action. A core mission of CDF is devoted to

supporting the rule of law and transparency in government activity through education and the promotion of engagement in civil discourse.  Plfs.' Original Pet. at ¶ 6.  Ensuring compliance with the TOMA falls squarely within that purpose.

### B.  The Defendants' motion to dismiss should be denied.

Texas Rule of Civil Procedure 91a provides for the dismissal of causes of action that have "no basis" in law or fact.  "[I]n determining whether a cause of action should be dismissed pursuant to Rule 91a, a court considers 'the allegations of the live petition and any attachments thereto.'" *Weizhong Zheng v. Vacation Network, Inc.*, 468 S.W.3d 180, 183 (Tex. App.—Houston [14th] 2015, pet. denied)); *see also Montelongo, et al. v. Abrea*, 622 S.W.3d 290, 300 (Tex. 2021).  In reviewing the plaintiff's pleading, the court "appl[ies] the fair notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action." *Wooley v; Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th] 2014, pet. denied)).  The court is to "construe the pleadings liberally in favor of the plaintiff, look to the plaintiff's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin, 2016, pet. denied)).  Under this standard, the Defendants' motion to dismiss should be denied.

As an initial matter, Defendants' motion included an exhibit that should not be considered when ruling on the motion to dismiss.  *See* Tex. R. Civ. P. 91a.6; *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020).  Instead, the court must take the allegations in Plaintiffs' Original Petition as true without regard to the exhibits included by the Defendants.

Defendants' motion to dismiss is based on two arguments – governmental immunity from suit and the argument that it had the authority to hold the June 8, 2023 meeting in closed session. Defendants' First Am. Plea at ¶¶ 13-14.  Both arguments are unpersuasive and should be rejected.

First, governmental immunity does not apply in this case for the reasons stated above. Providing governmental immunity for claims that arise under a statute that specifically applies to governmental bodies makes no sense and would render the TOMA powerless over school districts.

Second, there are genuine issues of fact as to Plaintiffs' argument that the June 8, 2023 meeting should have been held in open session.  Defendants' claim that because Plaintiff Jarvis's written grievance paperwork mentioned AISD administrators by name, the grievance had to be held in closed session under Section 551.074 of the Texas Government Code.  But this claim ignores the fact that during the public meeting Plaintiff Jarvis indicated he was going to present the grievance without identifying anyone by name.  This was logical because the grievance was not an attack on the character of the individuals identified, but rather dealt with the oversight and understanding of specific written or unwritten policies to which the AISD Board of Trustees is to implement and oversee and how AISD was implementing those policies.  Plfs.' Original Pet., Requests for Disclosures, and Jury Demand at ¶¶ 32-33.

Despite Plaintiff Jarvis's attempts to clarify this issue and confirm that no individual AISD employees or officers would be named during the grievance presentation, the grievance hearing officer (who is also the Defendants' lead counsel of record in this matter) closed the meeting and made all citizen observers leave the room.  The Defendants all participated in the decision to close the meeting down by allowing it to happen when no exception to TOMA properly applied.  They also did so even though citizen observers had been present at Levels I and II of Plaintiff Jarvis's grievances.  Clearly, the Defendants did not close the meeting down to protect individual

employees or they would have acted consistently at all levels of the grievance process.  Instead to prevent the public from seeing their deliberation on the issues involved in Plaintiff Jarvis's grievance.

Defendants' motion to dismiss also ignore the other allegations in Plaintiffs' Original Petition.  These allegations include that the notice of the meeting was inadequate (Plfs.' Original Pet., Requests for Disclosures, and Jury Demand at ¶ 27); that AISD conducts meetings in violation of Tex. Gov't Code § 551.101 (*Id.* at ¶ 28); that on June 8, 2023 the Defendants improperly used Tex. Gov't Code § 551.071 to justify moving into closed session (*Id.* at ¶ 30).

## III.    CONCLUSION

For the foregoing reasons, Defendants' Plea to the Jurisdiction and Motion to Dismiss should be denied.  Plaintiffs pray for any additional relief to which they have shown themselves justly entitled.

Respectfully submitted,

*/s/ Jonathan K. Hullihan*
Jonathan K. Hullihan
Texas Bar No. 24120376
18445 State Hwy. 105 W.
Suite 102, Box 321
Montgomery, Texas 77356
Tel.: (936) 320-1200
jonathan@hullihanlaw.com

*- and –*

Janelle L. Davis
Texas Bar No. 24059655
**Janelle L. Davis Law, PLLC**
P.O. Box 1311
Prosper, Texas 75078

Tel.: 469.592.8775
Janelle@JanelleLDavisLaw.com

**ATTORNEY FOR PLAINTIFFS**
**CITIZENS DEFENDING FREEDOM**
**DAVID JARVIS**

## CERTIFICATE OF SERVICE

I certify that on the 16th day of May, 2024, a true and correct copy of this document was filed and served on Defendants via their counsel of record.

_____
Janelle L. Davis

FILED
TARRANT COUNTY
5/20/2024 8:54 AM
THOMAS A. WILDER
DISTRICT CLERK

NO. 236-349529-24

| | | |
|---|---|---|
| CITIZENS DEFENDING FREEDOM and DAVID JARVIS, *Plaintiffs,* | § § § § | IN THE DISTRICT COURT |
| v. | § § § | |
| ARLINGTON INDEPENDENT SCHOOL DISTRICT, and MELODY FOWLER, JUSTIN CHAPA, AARON REICH, SARAH MCMURROUGH, DAVID WILBANKS, BROOKLYN RICHARDSON, and LEANNE HAYNES, in their official capacities as the ARLINGTON INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES *Defendant.* | § § § § § § § § § § § | TARRANT COUNTY, TEXAS  236TH JUDICIAL DISTRICT |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR PLEA TO THE JURISDICTION, PLEA IN BAR, AND MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Arlington Independent School District ("AISD" and "the District"), along with Melody Fowler, Justin Chapa, Sarah McMurrough, Dr. Aaron Reich, David Wilbanks, Brooklyn Richardson, and Leeanne Haynes, (these individuals are referred to herein collectively as "the Board of Trustees")[1] file this, their Reply Brief in Support of Defendants' Plea to the Jurisdiction, Plea in Bar, and Motion to Dismiss as follows:

Plaintiffs' Response to Defendants' Plea to the Jurisdiction, et al. ("Plaintiffs' Response") is as flawed as their lawsuit, displaying an astonishing misunderstanding of the law and an illogical application of legal principles along with a disingenuous recitation of the actual facts in this matter.

---

[1] AISD and the Board of Trustees are together referred to herein as "Defendants."

CDF/Jarvis v. Arlington ISD, et al.
*Defendants' Reply Brief*

We begin with Plaintiffs' offensive presumption that the public is incapable of reading and making logical assumptions:

> Importantly, AISD Board meetings are regularly scheduled to being [sic] at 5:00pm, and they [sic] where [sic] they are required to being [sic] in an open meeting. Prior to entering into a closed meeting, they are required to announce the section or sections under which the closed meeting is held so the public is made aware of the general nature of the items being discussed by elected officials. AISD does not include the beginning of open meetings in the live stream, or in the archived internet footage. In fact, as provided in the below screenshot of the AISD YouTube channel, the public is led to believe meetings begin at 6:30 pm. As a result, the open portion to first convene the meeting by the presiding officer is not broadcast or archived as required by Tex. Gov. Code § 551.101 leaving the public devoid of matters being considered by elected officials during the closed meeting.

Pls.' Resp. at 3. Any person wanting to attend a board meeting can look at the board's agenda, which is posted on the District's website, and available to any member of the public, at least 72 hours before the meeting begins. Tex. Gov't Code § 551.043(a). On the agenda, they will see that the meeting begins at 5:00 p.m., then the first action is for the Board to go into closed meeting. Pls.' Pet. at 12. Plaintiffs never claim that AISD fails to actually start in an open meeting and then follow the law to go into closed: that is because this is exactly what happens every meeting, and facts would get in the way of Plaintiffs' misleading claims. Instead, Plaintiffs just claim AISD is required to do these things and *conclude* that they do not happen.[2]

Plaintiffs next claim that attaching a copy of the grievance over which Plaintiffs are suing is inappropriate for a motion to dismiss. Pls.' Resp. at 9. Yet, the subject of Plaintiffs' lawsuit is specifically that their grievance was allegedly not subject to being heard in closed meeting. There

---

[2] Had Plaintiffs bothered to read the minutes following the meeting that is exactly what they would find: the time the meeting was called into open, called into closed, what laws under which the meeting was being closed, what time closed meeting ended, and then when the open meeting continued. But why should Plaintiffs let facts get in the way of their narrative?

is no lawsuit without the grievance itself because Plaintiffs' entire suit is that the grievance being held in closed session was a violation of the Texas Open Meetings Act (also referred to herein as "TOMA"). Clearly Plaintiffs do not want to be transparent with the Court; they want to hide Jarvis's actual grievance. Worse yet, they do not understand the law:

> Notes, accounts, bonds, mortgages, records, and all other *written instruments*, *constituting, in whole or in part, the claim sued on*, or the matter set up in defense, *may be made a part of the pleadings* by copies thereof, or the originals, being attached or filed and referred to as such, or by copying the same in the body of the pleading in *aid and explanation of the allegations in the* petition or *answer made in reference to said instruments and shall be deemed a part thereof for all purposes*.

Tex. R. Civ. P. 59 (italics added). Attaching the grievance is proper under Rule 59, no matter how much Plaintiffs would rather hide it from the Court.[3] Since the grievance itself is now exposed and is part of the record, Plaintiffs' lawsuit is doomed to fail, as are Plaintiffs' misleading arguments.

<u>Jarvis Opposes Transparency</u>

Jarvis filed a grievance defaming AISD employees Dr. Hill and Dr. Cavazos and is suing because AISD heard the grievance in closed meeting consistent with the Open Meetings Act. Tex. Gov't Code § 551.074(a)(2)-(b). Jarvis's grievance stated as follows:

policy. Both <u>Dr. Hill</u> and <u>Dr. Cavazos</u> have <u>lawlessly acted</u> to improperly limit the plain wording of the unlawful retaliation prohibition. Without the authority and approval of the Board, both Dr. Hill and Dr. Cavazos have wrongly unilaterally amended the AISD grievance policy that only the Board can amend.

---

[3] In a show of unbridled hypocrisy, Plaintiffs included evidence via an alleged "screenshot" they say they took of AISD's Live Stream in Plaintiffs' Response. *See* Pls.' Resp. at 4. Apparently Plaintiffs believe the best strategy is to misapply the Rules against Defendants while violating the Rules themselves.

Under Texas Government Code section 551.074(a)-(b):

Sec. 551.074. PERSONNEL MATTERS; CLOSED MEETING.

(a) This chapter **does not require a governmental body to conduct an open meeting**:

(1) to deliberate the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee; or

(2) **to hear a complaint or charge against an officer** or employee.

(b) Subsection (a) does not apply **if the officer or employee** who is the subject of the deliberation or hearing requests a public hearing.

Tex. Gov't Code § 551.074(a)-(b) (emphasis added). This was a complaint against employees, and the **employees who are the subject of the complaint** decide whether to request the meeting be in open or closed, not David Jarvis. Jarvis thinks he can defame employees and do so at a public meeting at his will, but the law says the grievant does not make this determination, the employees being defamed (in this case) make the decision. *Id.*

What is more insidious than Jarvis's desire to publicly defame AISD employees is his flagrantly dishonest representation to this Court:

But this claim ignores the fact that during the public meeting **Plaintiff Jarvis indicated he was going to present the grievance without identifying anyone by name.** This was logical because the grievance was **not an attack on the character of the individuals identified**, but rather dealt with the oversight and understanding of specific written or unwritten policies to which the AISD Board of Trustees is to implement and oversee and how AISD was implementing those policies. Plfs.' Original Pet., Requests for Disclosures, and Jury Demand at ¶¶ 32-33

Pls.' Resp. at 10 (emphasis added). Plaintiffs misstate the law by claiming that if they promise not to say the magic words, then they can block the employees' right to a closed meeting, as if complaining about the Superintendent and an Assistant Superintendent's allegedly "lawless actions" would not reasonably identify them. Under Plaintiffs' disingenuous interpretation, Jarvis can defame the Defendants in writing (through what is now a public record that he created), and

CDF/Jarvis v. Arlington ISD, et al.                                    Page **4** of **8**
*Defendants' Reply Brief*

he is additionally entitled to the opportunity to do so before the Board of Trustees and their audience, if he promises simply not to use their names *again*. In addition, Jarvis was not denied an audience before the AISD's Board of Trustees, which was the entity with the authority to grant his purported relief. But as Plaintiffs' Response states, Jarvis did not care if he got to speak before the Board – he only wished to speak to the YouTube channel viewers, which is he able to recall in detail, has "over 20,000 subscribers, but may be viewed live by anyone in the world with an internet connection." Resp. at 3. AISD's board meeting is not a public pulpit for David Jarvis to realize his aspirations of YouTube notoriety as "the defamer of AISD administrators" under the guise of a grievance. Especially not a grievance that names employees of the District and recklessly accuses them of unsubstantiated criminal acts. And according to Jarvis, claiming governmental employees acted unlawfully is not an "attack on the character" of the individuals identified. Falsely charging school employees with unlawful activities of course damages these individual's reputations and harms the school district, too. The public had access to Jarvis's grievance (a public record), and Jarvis could have talked about his complaint as much as he wanted publicly (in fact, he did, posting it on his website for more of his perceived expectant fanbase). But Texas law permitted Dr. Hill and Dr. Cavazos to have the grievance in closed session, and that is what the school board permitted. The Court must gauge Jarvis's penchant for recklessness, moral relativism, and fecklessly cherry picking at the truth, including before this very Court, and ponder his credibility.

Plaintiffs' lawyers continue to cite Texas Government Code section 551.007(e), but that section of the Open Meetings Act has nothing to do with the grievance procedure. Once pointed out to them, Plaintiffs' lawyers double down, rather than admit their mistake and demonstrate integrity and forthcomingness to this Court:

CDF/Jarvis v. Arlington ISD, et al.
*Defendants' Reply Brief*

Page **5** of **8**

> Defendants' argument misunderstands the allegations, which are not that they were denied the right to make public comments during the public comment portion of the meeting. Instead, Plaintiffs allege (among other things) that the Defendants closed a meeting that should have been held in open session.

Pls.' Resp. at 5. These two sentences make no sense together. Anyone (other than possibly Plaintiffs) that reads § 551.007(e) knows that the provision is about public comment and has nothing to do with closing a meeting. A grievance and public comment are two distinct proceedings.

Plaintiffs' misunderstanding of the law continues when they claim, "the Board of Trustees are not 'employees' of AISD as that term is defined in the very chapter cited by the Defendants. *See* Tex. Civ. Prac. & Rem. Code § 101.001(2)." Pls.' Resp. at 6. While Defendants have never claimed that the trustees are employees, seeing as the board members are sued in their *official capacity*, that **precisely** means Texas Civil Practices & Remedies Code § 101.001(3) applies to the trustees: "Trustees and agents of a school district, while acting in such official capacity, enjoy the same governmental immunity as does the school district." *Stimpson v. Plano Indep. Sch. Dist.*, 743 S.W.2d 944, 947 (Tex. App.—Dallas 1987, writ denied), citations omitted.

<u>CDF is an Inappropriate Plaintiff</u>

Plaintiffs basically claim that CDF has standing because they have a general public interest in compliance with the Open Meetings Act. This lawsuit is over a particular grievance and whether it should have been heard in open or closed meeting, not whether AISD should generally hold open forum, or whether AISD follows the law regularly. Plaintiffs' claims are merely over a single grievance hearing and board meeting and what happened then. Without Jarvis in this lawsuit, CDF has no independent standing to litigate Jarvis's grievance.

This lawsuit is over whether Jarvis had the right to publicly attack the character of school

employees. Jarvis wanted the board meeting to be a circus where he could perform for an audience. He couches his audience as "the public" and contends they had a right to be captivated by his defaming words. As much as Jarvis wants his opportunity to perform, a school district grievance process is not a circus, but a process to resolve an individual's complaints.

Plaintiffs even make brand new accusations in their Response, such as "The Defendants all participated in the decision to close the meeting down by allowing it to happen when no exception to TOMA properly applied. *They also did so even though citizen observers had been present at Levels I and II of Plaintiff Jarvis's grievances*." Pls' Resp. at 10 (italics added). The italicized sentence includes alleged facts that are not found in Plaintiffs' Petition. In any event, the argument is misplaced, as TOMA is of course utterly inapplicable to meetings held with administrators during Level I and II grievances, which are decidedly not "public meetings." Albeit irrelevant, Plaintiffs' lawsuit is clearly about performing for a would-be audience, not grieving a legitimate complaint or following the law. School districts may hold complaints against individuals in closed meeting. Tex. Gov't Code § 551.074(a)(2)-(b). This issue has been well-settled for quite some time:

> "[Grievant] asked the Board to hold her hearing in public, which it would have done. [Grievant], though, sought in the hearing to complain about a District employee—Barrier Lanier—and to ask that the Board fire her. This triggered BEC (Legal), a reasonable, viewpoint-neutral rule of general applicability: the Board will hear in closed session matters relating to "the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public ... employee"—unless the subject of that personnel matter requests otherwise. **Although [Grievant] wanted her own issues aired to the public, she also wanted to seek dismissal of Barrier Lanier, a different employee who did not.**

*Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 763 (5th Cir. 2010) (emphasis added).

<u>Conclusion</u>

Plaintiffs have failed to rebut the affirmative defenses and grounds for Defendants' motion to dismiss, plea to the jurisdiction, and plea in bar. Plaintiffs' suit is frivolous and nothing more than retaliation for AISD's declining to disregard the employees' rights under the TOMA in favor of providing a stage for Jarvis's aspiring social media career. Defendants pray this Court dismiss Plaintiffs' claims and grant Defendants all relief for which they are entitled, in both equity and law, including but not limited to attorney's fees and reasonable costs.

Respectfully submitted,

By: /s/Dennis J. Eichelbaum
Dennis J. Eichelbaum
Texas Bar No. 06491700
*dje@edlaw*.com
*Lead Counsel*
Emma J. Darling
Texas Bar No. 24110889
*ejd@edlaw.com*
Andrea L. Mooney
Texas Bar No. 24065449
*alm@edlaw.com*

**Eichelbaum Wardell
Hansen Powell and Muñoz, P.C.**
5801 Tennyson Parkway, Suite 360
Plano, Texas 75024
(Tel.) 972-377-7900
(Fax) 972-377-7277
*Attorneys for Defendants*

<u>**Certificate of Service**</u>

I certify that on May 20, 2024, a true and correct copy of this document was filed using the court's electronic filing system, which will electronically serve all registered counsel of record, including but not limited to:

Janelle Davis, *Counsel for Plaintiffs Citizens Defending Freedom and David Jarvis*
Jonathan Hullihan, *Counsel for Plaintiffs Citizens Defending Freedom and David Jarvis*

/s/ Dennis J. Eichelbaum

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dennis Eichelbaum
Bar No. 06491700
dje@edlaw.com
Envelope ID: 87899505
Filing Code Description: Answer/Response
Filing Description: Defendants' Reply Brief in Support of Their Plea to the Jurisdiction, Plea in Bar, and Motion to Dismiss
Status as of 5/20/2024 9:26 AM CST

Associated Case Party: THEARLINGTON INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Dennis J.Eichelbaum | | dje@edlaw.com | 5/20/2024 8:54:53 AM | SENT |
| Andrea L.Mooney | | alm@edlaw.com | 5/20/2024 8:54:53 AM | SENT |
| Lisa FortinJackson | | lfj@edlaw.com | 5/20/2024 8:54:53 AM | SENT |
| Emma J. Darling | | ejd@edlaw.com | 5/20/2024 8:54:53 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Janelle Davis | | janelle@janelleldavislaw.com | 5/20/2024 8:54:53 AM | SENT |
| Jonathan Hullihan | | jonathan@hullihanlaw.com | 5/20/2024 8:54:53 AM | SENT |

236-349529-24

FILED
TARRANT COUNTY
5/23/2024 2:55 PM
THOMAS A. WILDER
DISTRICT CLERK

NO. 236-349529-24

| | | |
|---|---|---|
| CITIZENS DEFENDING FREEDOM | § | IN THE DISTRICT COURT |
| And DAVID JARVIS, | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | |
| | § | |
| ARLINGTON INDEPENDENT SCHOOL | § | |
| DISTRICT, and MELODY FOWLER, JUSTIN | § | TARRANT COUNTY, TEXAS |
| CHAPA, AARON REICH, SARAH | § | |
| MCMURROUGH, DAVID WILBANKS, | § | |
| BROOKLYN RICHARDSON, and LEANNE | § | |
| HAYNES, in their official capacities as the | § | |
| ARLINGTON INDEPENDENT SCHOOL | § | |
| DISTRICT BOARD OF TRUSTEES | § | |
| *Defendant.* | § | 236TH JUDICIAL DISTRICT |

## <u>SECOND NOTICE OF HEARING</u>

Please be advised that the Court has rescheduled the hearing on Defendant Arlington

Independent School District ("AISD") and Melody Fowler, Justin Chapa, Aaron Reich, Sarah

McMurrough, David Wilbanks, Brooklyn Richardson, and Leanne Haynes's *Plea to the*

*Jurisdiction, Motion to Dismiss and Plea in Bar* for June 5, 2024, at 1:30 p.m. in the 236th Judicial

District Court of Tarrant County, Texas, located at 100 North Calhoun Street, Fort Worth, Texas

76196.

Respectfully submitted,

**EICHELBAUM WARDELL
HANSEN POWELL & MUÑOZ, P.C.**

BY _____

Dennis J. Eichelbaum
Texas Bar No. 06491700
deichelbaum@edlaw.com
*Lead Counsel*

*CDF and Jarvis v. AISD et al.*                                          Page **1** of **2**
Second Notice of Hearing

Andrea L. Mooney
Texas Bar No. 24065449
alm@edlaw.com

Emma J. Darling
Texas Bar No. No. 24110889
ejd@edlaw.com

**Eichelbaum Wardell**
**Hansen Powell and Muñoz, P.C.**
5801 Tennyson Parkway, Suite 360
Plano, Texas 75024
(Tel.) 972-377-7900
(Fax) 972-377-7277
*Attorneys for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent by electronic court filing and by registered electronic mail on May 23, 2024, to the following:

Janelle L. Davis
Janelle L. Davis Law, PLLC
P.O. Box 1311
Prosper, Texas 75078
Janelle@JanelleLDavisLaw.com

Jonathan K. Hullihan
18445 State Hwy. 105 W.
Suite 102, Box 321
Montgomery, Texas 77356
jonathan@hullihanlaw.com

<u>/s/Dennis J. Eichelbaum</u>
Dennis J. Eichelbaum

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Dennis Eichelbaum
Bar No. 06491700
dje@edlaw.com
Envelope ID: 88077494
Filing Code Description: Notice
Filing Description: Second Notice of Hearing on Defendants' Plea to the Jurisdiction, Motion to Dismiss, and Plea in Bar
Status as of 5/23/2024 3:27 PM CST

Associated Case Party: THEARLINGTON INDEPENDENT SCHOOL DISTRICT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Dennis J.Eichelbaum | | dje@edlaw.com | 5/23/2024 2:55:48 PM | SENT |
| Andrea L.Mooney | | alm@edlaw.com | 5/23/2024 2:55:48 PM | SENT |
| Lisa FortinJackson | | lfj@edlaw.com | 5/23/2024 2:55:48 PM | SENT |
| Emma J. Darling | | ejd@edlaw.com | 5/23/2024 2:55:48 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Janelle Davis | | janelle@janelleldavislaw.com | 5/23/2024 2:55:48 PM | SENT |
| Jonathan Hullihan | | jonathan@hullihanlaw.com | 5/23/2024 2:55:48 PM | SENT |

FILED
TARRANT COUNTY
5/31/2024 2:43 PM
THOMAS A. WILDER
DISTRICT CLERK

236-349529-24

CAUSE NO. 236-349529-24

| | | |
|---|---|---|
| CITIZENS DEFENDING FREEDOM and DAVID JARVIS | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs | § § | TARRANT COUNTY, TEXAS |
| v. | § § § | |
| ARLINGTON INDEPENDENT SCHOOL DISTRICT, and MELODY FOWLER, JUSTIN CHAPA, AARON REICH, SARAH MCMURROUGH, DAVID WILBANKS, BROOKLYN RICHARDSON, LEANNE HAYNES, in their official capacities as the ARLINGTON INDEPENDENT SCHOOL DISTRICT BOARD OF TRUSTEES, and MATT SMITH | § § § § § § § § § § § | 236th JUDICIAL DISTRICT |
| Defendants | § | |

## PLAINTIFFS' FIRST AMENDED PETITION, REQUEST FOR DISCLOSURES, AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Citizens Defending Freedom ("CDF") and David Jarvis file this First Amended Petition, Request For Disclosures, And Jury Demand ("Petition") against Defendants Arlington Independent School District ("AISD"), and Melody Fowler, Justin Chapa, Aaron Reich, Sarah McMurrough, David Wilbanks, Brooklyn Richardson, Leanne Haynes in their official capacities as members of the AISD Board of Trustees (each individually,  a "Trustee" and collectively, the "Board" or "Board of Trustees"), and Matt Smith.

## I.
## INTRODUCTION

1.     This is a lawsuit that seeks to address two main issues.  First, it seeks to enforce the Texas Open Meetings Act. ("TOMA"), Tex. Gov't Code § 551.001, et seq. The purpose of the TOMA is to protect the public's right to know the  workings  of  governmental  agencies  and

entities. In general, the TOMA demands openness at every stage of the government's deliberative process to ensure that citizens know what their elected officials decide and how each decision is reached. By this lawsuit, Plaintiffs bring this action to redress Defendants' violations of the TOMA and to seek injunctive relief to prevent the Board from engaging in future violations.

2.      Second, this case also involves Defendant AISD's retaliatory actions towards Plaintiff Jarvis.  These actions violate his rights under the Texas and United States Constitution and are directly related to Plaintiff Jarvis's attempts to seek information from AISD.  As alleged below, the Defendants have engaged in a deliberate pattern and practice of hiding the truth from the parents and citizens of AISD on a variety of important issues impacting parental rights. Plaintiffs desire transparency from their elected officials and from AISD generally.  Rather than provide such transparency, the Defendants have conspired to conceal it at the expense of the parents and students they purport to serve, and they have violated Plaintiff Jarvis's rights while doing so.

## II.
## DISCOVERY CONTROL PLAN

3.      Plaintiffs intend to conduct discovery under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

## III.
## REQUESTS FOR DISCLOSURES

4.      Plaintiffs have previously requested that Defendants make all disclosures required by Texas Rule of Civil Procedure 194 within 50 days of the service of their Original Petition and Request for Disclosures.  Plaintiffs now ask newly added Defendant Matt Smith make all disclosures required by Texas Rule of Civil Procedure 192.

**IV.**
**PARTIES**

**A.      Plaintiffs**

5.      Mr. Jarvis is a citizen, taxpayer, voter, and veteran who has resided within the boundaries of AISD since 1986. The children of Mr. Jarvis all attended AISD public schools.

6.      CDF is a nonpartisan grassroots organization committed to resolving breaches of freedom and liberty for the general public through local awareness, local light, and local action. A core mission of CDF is devoted to supporting the rule of law and transparency in government activity through education and the promotion of engagement in civil discourse. CDF is organized with volunteers within the boundaries of AISD, throughout Tarrant County, and is an interested party in ensuring TOMA compliance and accountability with government agencies and elected officials.  In addition, Section 551.142(a) authorizes any interested person, including a member of the news media, to bring a civil action seeking either a writ of mandamus or an injunction.  Tex. Gov't Code § 551.142(a).

**B.      Defendants**

7.      AISD is an Independent School District created under Texas law and located in Tarrant County.  AISD has appeared in this matter.

8.      Sarah McMurrough is a Trustee elected to Place 1 of the Board, is the Secretary of the Board, and resides within AISD.  Ms. McMurrough has appeared in this matter.

9.      Melody Fowler is a Trustee elected to Place 2 of the Board, is the President of the Board, and resides within AISD.  Ms. Fowler has appeared in this matter.

10.      Aaron Reich is a Trustee elected to Place 3 of the Board and resides within AISD. Mr. Reich has appeared in this matter.

11.      David Wilbanks is a Trustee elected to Place 4 of the Board and resides within

AISD. Mr. Wilbanks has appeared in this matter.

12.     Justin Chapa is a Trustee elected to Place 5 of the Board, is the Vice President of the Board, and resides within AISD.  Mr. Chapa has appeared in this matter.

13.     Brooklyn Richardson is a Trustee elected to Place 6 of the Board and resides within AISD. Ms. Richardson has appeared in this matter.

14.     Leanne Haynes is a Trustee elected to Place 7 of the Board and resides within AISD. Ms. Haynes has appeared in this matter.

15.     Trustees are elected to provide oversight and governance of the districts they serve. The TOMA includes multiple provisions that provide for individual liability of members of the governmental body that is subject to TOMA.  *See, e.g.*, Tex. Gov't Code §§ 551.145; 551.146. This indicates a clear intent by the legislature to hold individual board members responsible for actions taken in violation of TOMA.

16.     Matt Smith is the current superintendent of Defendant Arlington ISD.  He has participated in the unlawful actions taken towards Plaintiff Jarvis as discussed below.  He can be served with process at his place of business, 690 E. Lamar Blvd., Arlington, Texas 76011.  Issuance of the citation is requested at this time and can be emailed to Janelle@JanelleLDavisLaw.com.

**V.**
**JURISDICTION AND VENUE**

17.     As more specifically described below, the defendant Board Members have violated (and will likely continue to violate) the TOMA. Such violations have occurred (and will occur) in Tarrant County, Texas. This Court has jurisdiction over the AISD Board, a school district located within the geographic jurisdiction of this Court, and has subject-matter jurisdiction over violations of the Texas Open Meetings Act that have occurred and will occur in Tarrant County. *See* Tex. Gov't Code § 551.142. For the same reasons, this Court has jurisdiction over the individual Board

members.

18.     Venue is mandatory in this Court because the AISD Board is a "political subdivision" located entirely in Tarrant County. *See* Tex. Civ. Prac. & Rem. Code §15.0151. Venue is also proper in this Court because Tarrant County is the county in which all of the events or omissions, giving rise to both Counts of this Petition occurred. *See* Tex. Civ. Prac. & Rem. Code § 15.002(a).

## VI.
## FACTUAL BACKGROUND AND PROPOSITIONS OF LAW

### *Overview of the TOMA*

19.     The TOMA requires that every action taken by a governmental body be voted upon by a quorum in a properly noticed meeting before any action can be taken. *See* Tex. Gov't Code § 551.144. Further, the TOMA provides that "[e]very regular, special, or called meeting of a government body shall be open to the public, except as provided by this chapter." *See* Tex. Govt. Code §551.1002.  In addition, The Texas Supreme Court has held that "Our citizens are entitled to more than a result. They are entitled not only to know what government decides but to observe how and why every decision is reached. The explicit command of the statute is for openness at every stage of the deliberations." *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 300 (Tex. 1990) (citation omitted).

20.     Under the TOMA, the public must be given written notice of the time, place, and subject matter of all meetings of the governmental agency or entity, and TOMA requires that all meetings of governmental bodies be open to the public unless otherwise expressly authorized by law. *See* Tex. Gov't Code § 551.002. The purpose of TOMA is "to safeguard the public's interest in knowing the workings of its governmental bodies."  *City of San Antonio v. Fourth Court of Appeals*, 820 S.W.2d 762, 765 (Tex. 1991).  Section 551.043 of the Texas Government

Code requires that notice of a meeting be posted at least 72 hours in advance in a place readily accessible to the general public.

21.     Under the TOMA, closed meetings are allowed only in limited circumstances that are construed narrowly to effectuate the overarching principle that governmental meetings are to be open to the people. Even if an exception applies, pursuant to section 551.101 of the Texas Government Code, a governmental body may not conduct a closed meeting unless it first convenes a properly noticed open meeting during which the presiding officer announces that a closed meeting will be held and identifies the section of the TOMA authorizing the closed meeting.

22.     Further, section 551.102 of the Texas Government Code requires that any final action, decision, or vote on a matter deliberated in a closed meeting may only be made in a properly noticed open meeting.  In addition, a record must be made of the date, hour, place, and subject of each meeting held by the governmental body.  Moreover, sections 551.021, 551.022, 551.103, and 551.104 of the Texas Government Code require that minutes or tape recordings be kept of meetings.

23.     Violations of the TOMA have significant consequences. Indeed, pursuant to section 551.141 of the Texas Government Code, actions taken in violation of the TOMA are voidable. Further, section 551.142 of the Texas Government Code authorizes mandamus and injunctive relief.

24.     In addition, pursuant to sections 551.143, 551.144, and 551.145 of the Texas Government Code, it is a crime (misdemeanor) to knowingly attempt to circumvent the TOMA, participate in an unauthorized closed meeting, or participate in a closed meeting knowing that a certified agenda or tape recording is not being made.  In other words, the Texas Government Code specifically contemplates and allows for individual trustees to be held accountable for violations

of the TOMA.

### *Violation of the TOMA*

25.    The Board has the executive power and duty to govern and oversee the management of AISD. The Board sets the direction for the school district.  Its power can, and often is, delegated to administrators in AISD.  The Board's responsibilities include: (1) setting district policies and supporting administrators and teachers in the execution of those policies; (2) employing and evaluating the superintendent; (3) adopting the annual budget; (4) levying/collecting taxes and issuing bonds; and (5) performing specific duties imposed by the state. Although the Board decides matters of public concern—and, often, controversy—closed meetings are authorized only in limited circumstances that are construed narrowly to effectuate the overarching principle that governmental meetings are to be open to the public to ensure that citizens know what their elected officials decide and how each decision is reached.

26.    Defendant AISD has nearly 60,000 students enrolled and is the 13th-largest school district in Texas.[1]  As a district with more than 10,000 students, Tex. Gov. Code § 551.128 requires AISD to make a video and audio recording of reasonable quality of each regularly scheduled open meeting and work session or special called meeting if the board of trustees votes on any matter or allows public comment or testimony.

27.    AISD Board meetings are regularly scheduled to begin at 5:00pm and they are required to being in an open meeting.  Prior to entering into a closed meeting, they are required to announce the section or sections under which the closed meeting is held so the public is made aware of the general nature of the items being discussed by elected officials even in closed session. Although AISD live streams its board meetings, it does not include the beginning of open meetings

---

[1] https://www.aisd.net/district/about/

in the live stream, or in the archived internet footage.  In fact, as provided in the below screenshot of the AISD YouTube channel, the public is led to believe meetings begin at 6:30 pm.  As a result, the open portion to first convene the meeting by the presiding officer is not broadcast or archived as required by Tex. Gov. Code § 551.101 leaving the public devoid of matters being considered by elected officials during the closed meeting.



28.     On June 8, 2023, the Board met to consider four consolidated grievance appeals filed by Mr. Jarvis for consideration by the Board. The basis of the consolidated grievance complaints was that the Board, which is vested with full legal authority to oversee the management of AISD, had not been adequately transparent or responsive on policy or guidance provided by district administrators or employees on controversial topics such as the intersection of parental rights, Title IX, and gender identity, among others.   The grievances generally sought to redress the lack of transparency and clarity related to the development and implementation of various AISD policies and did not involve any complaints or requests for relief related to the conduct of individual AISD employees.

29.     The June 8, 2023, meeting listed the grievance hearing on the noticed agenda and

did not indicate that specific portion of the meeting would be closed to the public, raising a question as to the adequacy of the noticed agenda to inform the public. *See* Exhibit A.

30.      Additionally, according to the noticed agenda, on June 8, 2023, the AISD Board called to order at 5:00 p.m. in the "Board Chamber" and immediately moved into a closed meeting in the "Board Conference Room." At 6:30 p.m., the board reconvened into open session. See Exhibit A.  But a review of the June 8, 2023 meeting posted at www.aisd.net does not indicate that, prior to the closed meeting, a public announcement was made in open session in accordance with the statutory procedures required for such a meeting. In fact, all the regularly scheduled board meetings conducted in 2022 and 2023 were conducted in this manner and will likely continue. Under the law, prior to conducting the closed meeting, AISD must first convene in an open meeting for which notice has been given and, during which, the presiding officer ***publicly*** announces that a closed meeting will be held and identifies the section(s) of the Act authorizing such a closed meeting. *See* Tex. Gov't Code §551.101 (emphasis added). The departure from the statutory procedures required to conduct a closed meeting is not only a violation of law, but deceives the public and likely renders the notice inadequate for closed session items.

31.      As mentioned, during the regularly scheduled board meeting on June 8, 2023, Mr. Jarvis was set to present and redress a Level IV grievance to the Board.  Prior to hearing the grievance, AISD Counsel Mr. Dennis J. Eichelbaum was appointed by the Board to conduct and make rulings on "the efficient presentation" of the consolidated complaints and he announced that the grievance would be conducted as a closed portion of the regularly scheduled Board meeting. Mr. Eichelbaum cited sections 551.071 and 551.074 of the Texas Government Code as the statutory authority for entering a closed session. *See* Exhibit B. According to Tex. Gov. Code § 551.001(1), a "closed meeting" means a meeting to which the public does not have access.

32.     The TOMA allows a Board to consult with legal counsel in closed sessions under limited circumstances concerning contemplated or pending litigation, but this exception is very narrowly drawn. See Tex. Gov. Code §551.071. The purpose of the exception for consultations with an attorney is, in part, to allow a governmental body to receive legal advice from its attorney without revealing attorney client confidences to third parties. Under this justification, Plaintiff Jarvis was not part of the governmental body of the Board. Moreover, the use of this statutory exception to the TOMA to conduct a closed session with Mr. Jarvis in attendance defeats the purpose of the exception to maintain confidentiality and privilege of attorney-board communications. In fact, under the attorney consultation exception, an opposing party may not be present. *See* Tex. Att'y Gen. Op. Nos. JC-506 (2002), JC-375 (2001), JM-238 (1984).

33.     Therefore, the only plausible statutory basis asserted through delegated Board authority for entering into a closed session was under Tex. Gov. Code §551.074(a)(1) & (2). That provision is applicable for deliberation regarding "the appointment, employment, evaluation, reassignment, duties, discipline, or dismissal of a public officer or employee" or entertaining "a complaint or charge against an officer or employee."

34.     Plaintiff Jarvis's grievance did not deal with "Personnel Matters" as intended by § 551.074. On the contrary, the grievance concerned the oversight and understanding of specific written or unwritten policies to which the Board is vested by law to conduct, and the public has a right to observe and understand.

35.     On the record, Mr. Jarvis objected to a closed meeting, and confirmed that he would only discuss the policy of the Board—germane to their oversight and authority over AISD.  This is exactly the type of issue that the TOMA seeks to ensure openness to the public.  Further, Mr. Jarvis confirmed that he would present his grievance on policy matters without naming any

officials or trustees by name or position.  In other words, the grievances had nothing to do with a complaint or charge against a specific officer or employee of AISD.  Despite this, objections made by Mr. Jarvis to discuss the grievance in a closed meeting were overruled by Mr. Eichelbaum, and none of the individual Trustees did anything to stop this violation of the TOMA.  *See* Exhibit B.

36.     Importantly, one of Mr. Jarvis's grievances involved the conduct of AISD attorney Dennis Eichelbaum who was presiding over the grievance itself and had previously referred AISD taxpayers as "minions" of Plainitff Jarvis.  Because his conduct was at issue, Mr. Eichelbaum had every incentive to shut down the grievance hearing from public view.  Moreover, since his conduct was the subject of one of the four grievances, Mr. Eichelbaum had an ethical obligation to provide conflict-free advice to the Board.  This clear conflicts issue involving Mr. Eichelbaum was not addressed or waived by the Board.

37.     Because this portion of the Board meeting was closed, the general public was unable to observe or debate government decisions such as how government policy is formulated and promulgated despite the grievance being listed on the noticed agenda.

38.     The actions to close the meeting to the public were in violation of section 551.007 (e) of the Texas Government Code. Under that recently enacted statutory provision, a government body may not prohibit public criticism of the government body, including criticism of any act, omission, policy, procedure, program, or service. By closing the noticed agenda item, the Board was in effect prohibiting public criticism of the Board and the oversight they exercise, or lack thereof, on controversial topics or issues of great importance to the general public. The use of open meeting exceptions to silence public criticism of transparency in government policy was, by design, a flagrant violation of the TOMA.  And rather than ensure that this matter was open to the public, the Trustees allowed Mr. Eichelbaum to dictate matters even though he was the subject of

one of the grievances.

39.     Since November 2022, Plaintiff Jarvis was able to file grievances with AISD.  He diligently followed the grievance process, ultimately appealing several grievances to Level IV, which involves a hearing before the Board of Trustees.  However, since the filing of this lawsuit, AISD, acting through Defendant Smith, has dismissed 4 of Plaintif Jarvis's grievances without any legal or statutory authority to do so.  In a Level 3 decision letter dated April 11, 2024, in violation of state law, Defendant Smith unlawfull dismissed 4 of Plaintiff Jarvis's grievances, thus denying Plaintiff Jarvis's access to a Level 4 Board hearing on all 4 of these grievances.  *See, e.g.*, Tex. Educ. Code § 11.1511(b)(13); *See* Exhibit C.

40.     Approximately a week after Defendant Smith's latter, AISD, acting through Assistant Superintendent for Human Resources Scott Kahl and at the direction of Defendant Smith, dismissed 2 additional grievances filed by Plaintiff Jarvis without any legal or statutory authority to do so.  In a decision letter dated April 19, 2024, Kahl unlawfully dismissed the grievances, thus denying Plaintiff Jarvis's acess to a Level 4 Board hearing on a total of 6 grievanes over an 8-day period.  *See, e.g.*, Tex. Educ. Code § 11.1511(b)(13); *See* Exhibit D.

41.     All 6 of these grievances were summarily dismissed "with prejudice" and not filed or considered in any manner by Defendants AISD and Smith solely because of the filing of this lawsuit and Plaintiff Jarvis's efforts to seek information from AISD and the Board of Trustees.  These actions have the effect of preventing Plaintiff Jarvis from exercising his First Amendment right to petition the government for redress of grievances and are in direct violation of state law.

42.     Defendants' actions are also blatantly retaliatory because of Plaintiff Jarvis's exercise of his constitutionally protected rights.  Defendants are clearly using unlawful means to conceal these 6 grievances from members of the public and thus shield the Board from

accountability to voters at the next Board election.  To protect the Board from ultimate accountability to voters, the Board has willfully concealed the truth from voters.  Voters are entitled to the truth to enable voters to be fully informed voters and thus better equipped to evaluate the judgment of the Board at the next Board election.  The Defendants' actions defeat the purpose of state law requiring districts to implement a grievance process and AISD's own supposed policy of encouraging discussion and informal resolution of issues.

### *Exhaustion of Remedies & Sovereign Immunity*

43.     School districts regularly claim that they are entitled to dismissal of otherwise legitimate claims based on exhaustion of remedies, soverign immunity, or both.  Plaintiffs allege that neither applies in this case.

44.     Plaintiff Jarvis followed through all levels of the AISD grievance process prior to the June 8, 2023 board meeting, and this case is not based on arguments related to the substance of those grievances but rather related to violations of the TOMA, the Texas Constitution, and the U.S. Constitution.  None of these issues fall within the jurisdiction of the Commissioner of Education who only has authority over the "school laws" of the state.  This has been interpreted to include only violations of Title 1 and Title 2 of the Texas Education Code.  *See New Caney Indep. Sch. Dist. v. Burnham AutoCountry, Inc.*, 30 S.W.3d 534 (Tex.App.—Texarkana 2000) (issues that do not pertain to the school laws of the state "are not subject to the exhaustion of remedies requirement").

45.     With respect to sovereign immunity, "[t]he Open Meetings Act expressly waives sovereign immunity for violations of the [A]ct." *Hays Cnty. v. Hays Cnty. Water Plan. P'ship*, 69 S.W.3d 253, 257 (Tex. App.—Austin 2002, no pet.); *Riley v. Comm'rs Court*, 413 S.W.3d 774, 776–77 (Tex. App.—Austin 2013, pet. denied); *Gillium v. Santa Fe Indep. Sch. Dist.,* No. 01-10-

00351-CV, 2011 WL 1938476, at *7 (Tex.App.—Houston [1st Dist.] May 12, 2011, no pet.) (mem. op.) (concluding that trial court erred by dismissing open meetings case filed against school district because the petition alleged open meetings violation and "immunity is waived for such claims").

### *Propositions of Law*

46.     42 U.S.C. § 1983 provides a private cause of action against those who, under color of law, deprive a citizen of the United States of "any rights, privileges, or immunities secured by the Constitution and laws."

47.     To state a claim under section 1983, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

48.     Put another way, to state a cause of action under § 1983 for violation of the Due Process Clause, plaintiffs must show they have asserted a recognized liberty or property interest within the purview of the Fourteenth Amendment, and that they were intentionally or recklessly deprived of that interest, even temporarily, under color of state law. *Griffith v. Johnston,* 899 F.2d 1427, 1435 (5th Cir. 1990).

49.     Municipal entities, including independent school districts, qualify as "persons" under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). As such, school districts can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where the action that is alleged to be unconstitutional implements or executes a policy, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. *Id.* at 690-91.

50.     Under Texas law, the final policymaking authority in an independent school district

rests with the district's board of trustees. *Rivera v. Hous. Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003); Tex. Educ. Code § 11.151(b).

51.     A school district is liable for its policy makers' unconstitutional actions, including ***actions by those to whom it has delegated policymaking authority in certain areas***. *Monell*, 436 U.S. at 694; *see also Barrow v. Greenville Indep. Sch. Dist.*, 480 F.3d 377, 380 (5th Cir. 2007).

52.     A final policymaker for AISD to whom policymaking authority had been delegated by the board (Defendant Smith) implemented a policy that impeded Plaintiff Jarvis from exercising constitutional rights protected by the First and Fourteenth Amendments.  He did so by taking specific steps to limit Plaintiff Jarvis's ability to seek redress of grievances from the elected AISD Board of Trustees.  And he did so specifically because of Plaintiff Jarvis's vocal criticism of the Board of Trustees, his pursuit of this lawsuit, and his steadfast desire to seek transparency from AISD and its Board of Trustees.  Defendant Smith and Mr. Scott Kahl also dismissed six grievances to deny Plaintiff Jarvis a Level 4 Board hearing on these six grievances where the Board would be forced to publicly deny all six grievances and thus be held accountable to voters at the next election.

53.     To invoke municipal (or school district) liability, a plaintiff must identify (1) an official policy, of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy. *Pineda v. Houston*, 291 F.3d 325, 328 (5th Cir. 2002) (quoting *Piotrowski* at 578).

54.     With respect to the liability of supervisors, in *Bowen v. Watkins*, 669 F.2d 979, 988 (5th Cir. 1982), the Fifth Circuit observed that supervisory officials cannot be held liable solely on the basis of their employer-employee relationship with a tortfeasor *but* may be liable when their own action or inaction, including a failure to supervise that amounts to gross negligence or

deliberate indifference, is a proximate cause of the constitutional violation.

55.     Plaintiff Jarvis alleges a civil conspiracy among Defendant Smith and the individual

Trustees under 42 U.S.C. § 1985, which provides civil liability for those conspiring to deprive a

person of federally protected civil rights. Specifically, § 1985(2)-(3) states:

> [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to
>
> the equal protection of the laws;
>
> .. .
>
> [I]f one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by
>
> such injury or deprivation, against any one or more of the conspirators.

56.     Defendants attempted to further their conspiratorial acts against Plaintiff Jarvis to

deprive Plaintiff Jarvis his Constitutional and state law rights based on Plaintiff Jarvis's determined

efforts to hold Defendants publicly accountable to state and federal law and their own policies.

57.     Plaintiff Jarvis has been injured by the Defendants' conspiratorial acts, and each

Defendant acted separately and in view of the constitutional deprivation.

58.     Additionally, Defendants were each familiar with Plaintiff Jarvis and by their

actions showed that they did not enjoy, nor would they tolerate any gadfly activists who sought to

expose Defendants' efforts to conceal the truth from the taxpayers of AISD.

**VII.**
**Causes of Action**

**COUNT 1:  Violations of the TOMA – Private Deliberation and Voting (Plaintiffs against AISD and the Individual Trustees)**

59.    Plaintiffs reallege and incorporate by reference the preceding paragraphs.

60.    A school district board of trustees is a governmental body subject to the provisions of the TOMA.  Tex. Gov't Code § 551.001(3)(E).  As such, the AISD Board of Trustees is required to meet in a manner that is open to the public.  This includes deliberations on matters before the Board, such as grievances, and includes decisions on actions the Board takes.

61.    According to the law, "deliberation" is "a verbal or written exchange between a quorum of a governmental body, or between a quorum of a governmental body and another person, concerning an issue within the jurisdiction of the governmental body."  Tex. Gov't Code § 551.002(2).

62.    Defendants, as described above, have persistently, systematically, and intentionally violated the TOMA by failing to first convene in an open meeting for which notice has been given with the presiding officer publicly announcing that a closed meeting will be held and identifies the section(s) of the TOMA authorizing such a closed meeting.

63.    Defendants, as described above, violated the TOMA by unlawfully closing the June 8, 2023, meeting to the public on a noticed agenda item to conduct the grievance hearing when there was not applicable exception to TOMA's open meeting requirement and notice was not adequately provided that the grievance would be held in closed session.  By closing the portion of the meeting related to Plaintiff Jarvis's four grievances, the Defendants prevented by the public from seeing their deliberations regarding the matters of public concern in Plaintiff Jarvis's grievances.   Upon emerging from closed session, the Board voted unanimously to deny Plaintiff

Jarvis's grievances.  It is reasonable to conclude that the Board discussed the merits of Plaintiff Jarvis's grievances and whether to grant or deny them (i.e., voted) while in closed session in violation of the TOMA.

64.     Plaintiffs request that the Court declare that Defendants have violated the TOMA and that all actions taken in violation of the TOMA are void.

65.     Moreover, Plaintiffs request that Defendants be enjoined from taking any further actions in violation of the TOMA.

66.     In addition, Plaintiff requests that Defendants be ordered to comply with the strict requirements of the TOMA for the benefit of the general public.

67.     As a result of Defendants' wrongful conduct, Plaintiff was forced to retain the undersigned counsel to pursue this action. Plaintiff is, therefore, entitled to recover attorneys' fees and costs pursuant to Texas Civil Practice and Remedies Code Section 37.001, et seq.

**COUNT 2:  Violation of the TOMA – Public Notice of Meetings (Plaintiffs Against AISD and the Trustees)**

68.     Plaintiffs reallege and incorporate by reference the preceding paragraphs.

69.     When a board meets, it "shall give written notice of the date, hour, place and subject of each meeting held …". Tex. Gov't Code § 551.041.  Notice is insufficient if it does not indicate action is contemplated.  *Markowski v. City of Marlin*, 940 S.W.2d 720, 725 (Tex.App.—Waco 1997, no writ).

70.     The notice for the June 8, 2023 does not indicate that any action was going to be taken (or not) on Plaintiff Jarvis's grievance.  Yet the Board subsequently took action to deny Plaintiff Jarvis's grievances.  This action violated the TOMA and all actions taken in violation of the TOMA are voidable.

71.     Defendants have further violated TOMA by failing to stream and archive all portions of their board meetings.

72.     Plaintiffs bring this action to undo and remedy these violations.

**COUNT 3:  Ultra Vires Claim (by Plaintiffs against the Individual Defendant Trustees)**

73.     Plaintiffs reallege and incorporate by reference the preceding paragraphs.

74.     The individual Trustees are liable for ultra vires conduct, in which each individual actor has no lawful authority and they are individually acting outside of their official duties without legal or statutory authority.

75.     Plaintiffs are not attempting to control any government agency or any government officials, but rather asking the Court to reclaim control from officials who have acted and continue to act in violation of the law, specifically the TOMA.  Plaintiffs are asking the court to reassert the control of the state by requiring the officials, acting in their official capacity, to comply with statutory provisions.

76.     The Defendant Trustees have made clear through their actions that they will not comply with the provisions of TOMA without this court's involvement.  Unless the Defendant Trustees are enjoined from further abusing the TOMA, Plaintiffs CDF and Jarvis will continue to suffer irreparable injury by being unable to see how their elected officials are making important decisions that directly impacts parental and student rights.

77.     As a result of the Trustees' wrongful conduct without legal or statutory authority, Plaintiffs seek prospective relief in the form of an injunction to prevent the Trustees from behaving in a similar manner towards Plaintiffs or any other individual in the future.

**COUNT 4:  Ultra Vires Claim (by Plaintiff Jarvis against Defendant Smith)**

78.     Plaintiffs reallege and incorporate by reference the preceding paragraphs.

79.     Defendant Smith is liable for ultra vires conduct, in which he has no lawful authority and is acting outside of his official duties without legal or statutory authority.

80.     Specifically, Defendant Smith has acted to dismiss and/or instruct others to dismiss grievances that have been properly filed by Plaintiff Jarvis.  Defendant Smith has no legal or statutory authority to take this action because state law requires that AISD have and implement a policy that allows citizens to file grievances and be heard by the Board of Trustees.

81.     Plaintiffs are not attempting to control any government agency or any government officials, but rather asking the Court to reclaim control from officials who have acted and continue to act in violation of the law, specifically the Texas Education Code and AISD local board policies related to the filing and appeal of grievances and the Texas and U.S. Constitutions.  Plaintiffs are asking the court to reassert the control of the state by requiring the officials, acting in their official capacity, to comply with statutory provisions.

82.     Plaintiff Jarvis seeks injunctive relief and a judgment from the court compelling Defendnat Smith to follow the law and to become in immediate compliance with state law and the Texas and U.S. Constitutions.

83.     Unless the Defendant Smith is enjoined from further violations of state law and the Texas and U.S. Constitutions, Plaintiff Jarvis will continue to suffer irreparable injury by being unable to petition the government for redress of grievances.

**COUNT 5:  Violations of the Equal Protection Clause of the 14th Amendment (by Plaintiff Jarvis against Defendant Smith and AISD)**

84.     Plaintiffs reallege and incorporate by reference the preceding paragraphs.

No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend XIV.

85.     At all times relevant to this Complaint, Defendant Smith was acting under color of state law because he was employed by and performing official duties as a government employee or agent. The actions of Defendant Smith violated Plaintiff Jarvis's rights under the First and Fourteenth Amendments to the U.S. Constitution.

86.     Defendant Smith personally exhibited deliberate indifference to Plaintiff Jarvis's constitutional rights by personally participating in, directing, encouraging, ratifying, conspiring, and approving the unconstitutional conduct towards Plaintiff, and then by failing to prevent, discipline, or take other actions to remedy these violations.

87.     Because Defendant AISD employs and/or supervises and directs the actions of Smith, Defendant AISD caused directly and proximately Defendant Smith to carry out actions which violated Plaintiff Jarvis's constitutionally protected rights under the First and Fourteenth Amendments to the U.S. Constitution.

88.     The Fourteenth Amendment prohibits unequal protection and access to government actors without a reasonable basis.  No case law exists to support the idea that criticizing a Board of Trustees and school district for its lack of transparency and deliberate efforts to conceal the truth is a reasonable basis to allow unequal treatment of those petitioning AISD.

89.     Defendants Smith and AISD have violated equal protection principles through their intentional and bad faith actions of dismissing Plaitniff Jarvis's properly filed grievances so they can prevent him from presenting the grievances to the Board of Trustees.

90.     Defendants Smith and AISD have acted in this manner against Plaintiff Jarvis solely because of his efforts to protect the rights of parents with students in AISD and his efforts to seek transparency regarding AISD policies and procedures.

91.     As a result of Defendants' actions, Plaintiff Jarvis has suffered irreparable harm and the deprivation of his constitutional rights.

**COUNT 6:  42 U.S.C. § 1985 – Conspiracy to Interfere with Civil Rights (by Plaintiff Jarvis against all Defendants)**

92.     Plaintiffs reallege and incorporate by reference the preceding paragraphs.

93.     Defendants Smith and the Trustees were members and a member of a combination of two or more persons.

94.     The object of the combination was to accomplish an unlawful and unconstitutional purpose and to use unlawful means.

95.     The members had a meeting of the minds on the object or course of action.

96.     Defendants committed an unlawful, overt act to further the object or the course of action.

97.     At all times, various groups of individual Defendants acted in concert, both privately and overtly, with a meeting of the minds, to oppress the civil rights of Plaintiff Jarvis and are liable under 42 U.S.C. § 1985 for such violations.

98.     As a result of Defendants' actions, Plaintiff Jarvis has suffered irreparable harm and the deprivation of his constitutional rights.

**COUNT 7:  Violation of rights protected by the First Amendment, enforced through the 14th Amendment and 42 U.S.C. § 1983 (by Plaintiff Jarvis against Defendants  AISD and Smith)**

99.     Plaintiffs reallege and incorporate by reference the preceding paragraphs.

100.    The First Amendment to the United States Constitution guarantees the right of United States citizens to petition their government for redress, which includes the right to do so without the government retaliating against the petitioner. The First Amendment applies to the

states via the Fourteenth Amendment's due process clause. *See McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334 (1995); *Rolf v. City of San Antonio*, 77 F.3d 823, 827 n. 18 (5th Cir. 1996).

101.    Defendant Smith has retaliated against Plaintiff Jarvis for exercising his right to petition by refusing to file, process, and/or allow Plaintiff Jarvis to appeal his proper grievances through the AISD grievance policy to ultimately heard by the Board.  This is a violation of Plaintiff Jarvis's right to petition and his right to exercise fundamental rights without retaliation.

102.    Defendant Smith, in his official capacity, under color of law, with gross negligence and intentional bad faith, violated Plaintiff Jarvis's rights to procedural due process in retaliation for Plaintiff Jarvis's consistent efforts to petition for the redress of grievances.

103.    State law, the Texas Constitution, and the United States Constitution require that citizens be given an opportunity to petition their government officials for redress of grievances.

104.    In spite of these clear mandates, Defendant Smith has acted and/or instructed others within AISD to act in such a manner that denies Plaintiff Jarvis's ability to petition for the redress of grievances.

105.    Plaintiff Jarvis has a legitimate liberty interest that requires Defendant Smith to abide by state law and the Texas and U.S. Constitutions.  Plaintiff Jarvis also has a legitimate liberty interest in being able to petition the government for redress of grievances and Defendant Smith has deliberately and in bad faith interfered with that right without due process.

106.    For more than a year, Plaintiff Jarvis was able to file grievances and appeal those through various levels to ultimately reach the Board of Trustees.  However, this abruptly changed in April of this year when Defendant Smith dismissed 4 grievances and then refused to allow Plaintiff Jarvis to appeal that dismissal to the Board of Trustees.  There is no explanation for Defendant Smith's about face change in treatment of Plaintiff Jarvis other than i) Defendant Smith

and AISD's retaliation against Plaintiff Jarvis for filing this case and continuing to seek transparency and accountability from government officials; and ii) Defendant Smith and AISD's pattern of shielding the truth about various policies and the position of the Board of Trustees from the public.

107.    Upon information and belief, other citizens are not treated similarly as Plaintiff Jarvis.  Plaintiff Jarvis is being singled out because of his efforts to get clarity and truth regarding the policies implemented by Defendant AISD and its Board of Trustees on a number of critical issues affectings parents and the nearly 60,000 students of AISD.

108.    As a result of Defendants' actions, Plaintiff Jarvis has suffered irreparable harm and the deprivation of his constitutional rights.

**COUNT 8:  Violations of the Texas Constitution (by Plaintiff Jarvis against Defendants AISD and Smith)**

109.    Plaintiffs reallege and incorporate by reference the preceding paragraphs.

110.    Based on Defendant AISD and Defendant Smith's actions in refusing to give Plaintiff Jarvis equal access and treatment under the AISD grievance policy, they have violated his rights under multiple sections of Article I of the Texas Constitution (*see* Sections 3a and 27).

111.    Upon information and belief, other citizens are not treated similarly to Plaintiff Jarvis and this disparity is solely the result of Plaintiff Jarvis's exercise of his fundamentally protected rights.

112.    As a result of Defendants' actions, Plaintiff Jarvis has suffered irreparable harm and the deprivation of his constitutional rights.

### VIII.
### DEMAND FOR JURY TRIAL

113.    Plaintiffs demand a jury trial on all issues.

# IX.
## REQUEST FOR RELIEF

WHEREFORE Plaintiffs respectfully request that the Court enter judgment for Plaintiffs

and against Defendants awarding Plaintiffs the following relief:

a. a declaration that Defendants have violated the Texas Open Meetings Act;
b. a declaration that the Board's actions in violation of the Texas Open Meetings Act are void *ab initio*;
c. a judgment that Defendants have acted without legal or statutory authority;
d. a judgment that Defendants have violated Plaintiff Jarvis's constitutionally protected rights;
e. an injunction preventing Defendant from taking any further actions in violation of the Texas Open Meetings Act;
f. reimbursement of the attorneys' fees and costs Plaintiff has incurred in connection with this suit; and
g. all such other and further relief, at law or in equity, to which Plaintiffs may be entitled.


DATED: May 31, 2024.

Respectfully submitted,

*/s/ Jonathan K. Hullihan*
Jonathan K. Hullihan
Texas Bar No. 24120376
18445 State Hwy. 105 W.
Suite 102, Box 321
Montgomery, Texas 77356
Tel.: (936) 320-1200
jonathan@hullihanlaw.com

*- and –*

Janelle L. Davis
Texas Bar No. 24059655
**Janelle L. Davis Law, PLLC**
P.O. Box 1311
Prosper, Texas 75078
Tel.: 469.592.8775
Janelle@JanelleLDavisLaw.com
**ATTORNEY FOR PLAINTIFFS**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 31st day of May, 2024, a copy of the foregoing document was filed and served on Defendants' counsel of record via the ECF system.

_____

**ARLINGTON INDEPENDENT SCHOOL DISTRICT**
**REGULAR MEETING OF THE BOARD OF TRUSTEES**
**Thursday, June 8, 2023**
**5:00 p.m.**

**NOTICE**   of Regular Meeting of the Board of Trustees at the Administration Building, Board Room, 690 East Lamar Boulevard, Arlington, Texas

Meetings may be viewed online at www.aisd.net. One or more members of the Board of Trustees may participate in this meeting via videoconference call. A quorum of the Board of Trustees will be physically present at the Administration Building.

*Members of the public who desire to address the board regarding an item on this agenda must comply with the following registration procedures: Members of the public seeking to provide comments concerning an agenda item or non-agenda item shall be required to register at* https://www.aisd.net/boardmeetingspeakerrequest ***NO LATER THAN 3:00 p.m. the day of the board meeting*** *indicating (1) person's name; (2) subject the member of the public wishes to discuss, and; (3) telephone number at which the member of the public may be reached.*

**CALL TO ORDER:**   **5:00 p.m., Board Chamber**

**CLOSED MEETING:  Board Conference Room**

Adjournment to closed meeting pursuant to Sections 551.071  (consultation with attorney to seek and receive legal advice); 551.072   (discuss the purchase, exchange, lease or value of real property); Section 551.073 – (negotiating contracts for prospective gifts or donations); Section 551.074 - (consider the appointment, employment, evaluation, reassignment, duties, discipline, non-renewal or dismissal of a public officer or employee, or to hear complaints or charges against a public officer or employee); Section 551.076 (consider the deployment, or specific occasions for implementation, of security personnel and devices); Section 551.082 – (discussing or deliberating the discipline of a public school child or children, or a complaint or charge is brought against an employee of the school district by another employee); Section 551.0821 – (deliberating in a matter regarding a public school student if personally identifiable information about the student will necessarily be revealed by the deliberation); Section 551.083 (considering the standards, guidelines, terms or conditions the Board will follow, or instruct its representatives to follow, in consultation with representatives of employee groups in connection with consultation agreements).
1.      Administrative Appointments/Personnel Ratification
2.      Superintendent Search

**RECONVENE INTO OPEN SESSION:  6:30 p.m., Board Room**

**OPENING CEREMONY:**

Agenda – Regular Meeting                                                     Bulletin Board
June 8, 2023
Page 2 of 6

**PROGRAM AND/OR PRESENTATION:**

This time has been designated for the purpose of allowing programs and/or presentations relating to matters such as curricular, extracurricular, co- curricular and PTA type activities.

A.      Recognition of J. Woodrow Counts Scholarship Recipients

B.      Recognition of Outgoing Student Leadership Advisory Board

**PUBLIC HEARING:**

A.      Optional Flexible School Day Program 2022-2023

B.      Optional Flexible School Day Program 2023-2024

**OPEN FORUM FOR AGENDA ITEMS:**

Must Pre-Register.  Registration as stated above must be completed in its entirety and submitted no later than **3:00 p.m.**  This first Open Forum is limited to agenda items other than personnel. Any personnel concern should be brought directly to the Superintendent or Board President prior to the meeting, who will guide you to the proper procedure pursuant to Board Policy.  Speakers will be limited to two (2) minutes.  When more than one individual wishes to address the same agenda item, the President may ask the group to appoint one spokesperson.

**APPOINTMENTS:**

A.      Consider Ratification of Administrative Appointments:
        Principal for Lamar High, Principal for Barnett Junior High, Principal for Amos Elementary, Principal for Moore Elementary, Principal for Starrett Elementary, Assistant Principal for Arlington High, Assistant Principal for Beckham Elementary, Assistant Principal for Fitzgerald Elementary, Assistant Principal for Peach Elementary, Assistant Principal for Sherrod Elementary

**ACTION:**

A.      Consider and Act on a Resolution Directing Finance Staff to Proceed with Arrangements for a 2023 Bond Issuance Using a Portion of the 2019 Bond Election Authorization and a Potential Bond Refunding; Engaging Consultants with Respect to that Bond Issuance and Appointing Members of an Underwriting Syndicate

**DISCUSSION / ACTION:**

A.      Consider Preliminary 2023-2024 Budget and Authorization of Advertisement of Notice of Public Meeting to Discuss Budget and Proposed Tax Rate



EXHIBIT A

Case 4:24-cv-00585-O   Document 1-1   Filed 06/24/24   Page 117 of 129   PageID 121
Agenda – Regular Meeting                                                    Bulletin Board
June 8, 2023
Page 3 of 6

**CONSENT AGENDA:**

A.      Approval of Personnel Recommendations:  New Hires, Retirements, Resignations, Leaves of Absence, Dismissals, Terminations, Non-Renewals, Non-Extensions

B.      Approval of Bids, Purchases, Construction Items
        23-44 Carter Junior High Replacement School Project
        23-78 Demolition of Structures at 2140 S. Davis Drive & 1221 E. Division Street

C.      Approval of Purchases Greater Than $50,000 Exempt from Bid
        23-06-08-01 Asphalt Parking Lot
        23-06-08-02 HVAC Improvements at AISD Annex/Textbooks
        23-06-08-03 Rack Systems at AISD Annex/Textbooks
        23-06-08-04 Forklifts and Reach Truck for AISD Annex/Textbooks
        23-06-08-05 Bowie HS Tennis Courts Resurfacing
        23-06-08-06 Outside Contracted Services
        23-06-08-07 Charter Buses
        23-06-08-08 Human Resources Internet Web Based Sourcing Applications/Software
        23-06-08-09 Propane Fuel
        23-06-08-10 Computers/Chromebooks/Carts/Deployment/MDM/Catalog
        23-06-08-11 Off-Duty Police Officers Extra Duty Pay Summer

D.      Approval of Monthly Financial Reports for Period Ending April 30, 2023

E.      Approval of Monthly Investment Report for Period Ending April 30, 2023

F.      Approval of Minutes of Previous Meetings, May 2023

G.      Approval of the Interlocal Agreement with Tarrant County Local Workforce Development Board to Conduct Tarrant County Adult Education and Literacy Consortium's English as a Second Language, Adult Basic Education, and Adult Secondary Education Program

**DISCUSSION:**

A.      District Improvement Plan Progress Monitoring Update

**OPEN FORUM FOR NON-AGENDA ITEMS:**

Must Pre-Register.  Registration as stated above must be completed in its entirety and submitted no later than **3:00 p.m.**  Any personnel concern should be brought directly to the Superintendent or Board President prior to the meeting, who will guide you to the proper procedure pursuant to Board Policy.  Speakers will be limited to two (2) minutes.  When more than one individual wishes to address the same agenda item, the President may ask the group to appoint one spokesperson.

**SUPERINTENDENT'S REPORT:**

This time is for the Superintendent to acknowledge varying kinds of activities occurring within the district. This includes such items as recognition of outstanding performance by district staff and/or



students, the initiating of new programs and special activities.

The Superintendent will report on the following subjects:
A.    Recognition of outstanding performance by district staff and students
B.    Initiation of new programs and special activities

## SCHOOL BOARD'S REPORTS:

This time on the Agenda allows each member to inform other Board Members, the administrative staff and the public of activities which are of interest.
The Board Members will report on the following subjects:
A.    Board member attendance at various school and community events.
B.    Board member announcement of various upcoming school and community events.
C.    Board member visits to various campuses
D.    Board member recognition of outstanding performance by district staff and students
E.    Board member recognition of new programs and special activities

## GRIEVANCE HEARING:

A.    Level IV Grievance Hearing of David Jarvis

## CLOSED MEETING:

At any time during the meeting the Board may adjourn into closed meeting for consultation with its attorney (Tex. Gov't Code § 551.071) or for a posted agenda item pursuant to Texas Government Code sections 551.072 – 551.084 (see below).

## ADJOURNMENT

*The agenda order may be adjusted by the Presiding Officer at any time during the meeting.*

If, during the course of the meeting, discussion of any item on the agenda should be held in a closed meeting, the board will conduct a closed meeting in accordance with the Texas Open Meetings Act, Texas Government Code, chapter 551, subchapters D and E or Texas Government Code section 418.183(f).

If, during the course of the meeting covered by this Notice, the Board should determine that a closed meeting of the Board should be held or is required in relation to any item included in this notice, then such closed meeting is authorized by Texas Government Code Section 551.001, et. seq., for any of the following reasons:

Section 551.071 - For the purpose of a private consultation with the Board's attorney on any or all subjects or matters authorized by law.

Section 551.072 - For the purpose of discussing the purchase, exchange, lease or value of real property.



Agenda – Regular Meeting                                                                Bulletin Board
June 8, 2023
Page 5 of 6

Section 551.073 - For the purpose of negotiating contracts for prospective gifts or donations.

Section 551.074 - For the purpose of considering the appointment, employment, evaluation, reassignment, duties, discipline or dismissal of a public officer or employee or to hear complaints or charges against a public officer or employee.

Section 551.076 - To consider the deployment, or specific occasions for implementation, of security personnel and devices.

Section 551.082 - For the purpose of deliberating in a case involving discipline of a public school child or children, or in a case in which a complaint or charge is brought against an employee of the school district by another employee and the complaint or charge directly results in a need for a hearing.

Section 551.0821 - For the purpose of deliberating in a matter regarding a public school student if personally identifiable information about the student will necessarily be revealed by the deliberation.

Section 551.083 - For the purpose of considering the standards, guidelines, terms or conditions the Board will follow, or instruct its representatives to follow, in consultation with representatives of employee groups in connection with consultation agreements provided for by Section 13.901 of the Texas Education Code.

Section 551.084 - For the purpose of excluding a witness or witnesses from a hearing during examination of another witness.

Should any final action, final decision or final vote be required in the opinion of the Board with regard to any matter considered in such closed meeting, then such final action, final decision or final vote shall be at either:

A.    the open meeting covered by this notice upon the reconvening of this public meeting, or
B.    at a subsequent public meeting of the Board upon notice thereof, as the Board shall determine.

Before any closed meeting is convened, the presiding officer will publicly identify the section or sections of the Act authorizing the closed meeting. All final votes, actions, or decisions will be taken in open meeting.

Agenda – Regular Meeting
June 8, 2023
Page 6 of 6

Bulletin Board

## CERTIFICATE AS TO POSTING OR GIVING OF NOTICE

On this 5th day of June, 2023 at 5:00 p.m., this notice was posted on a bulletin board at a place convenient to the public at the central administrative office of the Arlington Independent School District, 690 East Lamar Boulevard, Arlington, Texas and readily accessible to the general public at all times beginning at least 72 hours preceding the scheduled time of the meeting.

**Dr. Marcelo Cavazos, Superintendent**

**Transcript – AISD Level 4 Grievance Hearing – 6-8-23        David Jarvis**
**[On 8-30-23, Jarvis edited the draft transcript for clarity and brevity]**

**[at 1:24:59 – 1:28:00 on the AISD video recording]**

**President Fowler:**  The Arlington ISD Board of Trustees has convened today to hear the consolidated grievance appeals of Mr. David Jarvis.  Dennis Eichelbaum, an attorney, will conduct this portion of the meeting for the board.  Mr. Eichelbaum will make any rulings that may be required for the efficient presentation of this complaint.  Although he is charged with making those rulings, Mr. Eichelbaum is ultimately acting on behalf of the Board of Trustees and a majority of the Board may overrule any ruling.  If any board member wishes to discuss or move to overrule a ruling, he or she may address the President at that time.  Mr. Eichelbaum will not have any vote in the Board's final decision but may assist the Board in his legal capacity.  If there are no objections, I now turn this proceeding over to Mr. Eichelbaum.

**Mr. Eichelbaum:**  Thank you.  Consistent with board policies, GF local, and the Texas Open Meetings Act, Texas Government Code 551.074 - the board may go into a closed meeting to hear a complaint or charge against an officer or employee.  Mr. Jarvis, before the Board goes into a closed meeting, you indicated in previous emails that you wanted to raise one or more objections.  Please proceed briefly with your objections at this time without addressing the substance of your grievance.

**Mr. Jarvis:**  By the way, I am David Jarvis.  Good evening.  I've been informed that I will be allowed only 10 minutes to argue 4 different grievances.  A total of 10 minutes gives me 2 and a half minutes for each grievance which is clearly inadequate to argue four grievances.  Since it's a public grievance hearing, it's impossible for the public in our audience and the public viewing online to gain a fair understanding of the context and the history of these grievances if I'm only given 2 minutes and 30 seconds per grievance to explain my position.  During the period November (of) 22 through May (of) 23, I had 12 different grievance hearings, and in every one of those hearings, the hearing officer gave me at least 15 minutes per grievance.  Sometimes up to 20.  Since we're dealing with 4 grievances, 4 times 15 is 60 minutes.  I'm certainly not asking for that, but I am asking the Board and attorney Eichelbaum to give me 20 minutes.  Especially because I need to save some time - in case there's some rebuttal by the school district.  I have no idea (if a rebuttal will be presented).  I'm asking Mr. Eichelbaum, the attorney, and the Board to give me 20 minutes for this grievance argument.

**Mr. Eichelbaum:**  All right.  Thank you, Mr. Jarvis.  The Board because they had received the emails – discussed it in closed (session) and you will be granted the 20 minutes that you are requesting.

**Edited Transcript 6-8-23 AISD Level 4 Grievance Hearing (Jarvis) Page - 1**

**Mr. Jarvis:**  Okay. Thank you very much.

**Mr. Eichelbaum:**  Thank you.

**[at 1:28:00 – 1:30:46 on the AISD video recording]**

**Mr. Jarvis:**  The second issue that I wanted to speak to - it's vital in my judgment, that this hearing be open to the public.  And I want to make sure that I understand whatever boundaries you're setting – the things that I cannot say which will trigger a closed session.  I'm not clear, so maybe attorney Eichelbaum can tell me.  My plan was to refer only to an AISD attorney or an AISD senior official.  Is that sufficient by not naming the attorney or naming who the official is?

**Mr. Eichelbaum**:  The board did discuss your concerns with respect to these issues that you did reference in your email, and they have decided that the meeting will in closed (session) pursuant to board policy.  Unless there are any other objections. I'm going to overrule your objection.

**Mr. Jarvis:**  Okay, can you tell me, what is the basis of closure of this hearing if I do not identify any person- if I just say an AISD official?  How could that be interpreted as a charge against an official?  This grievance is toward this board - based on the conduct of your employees.  If I don't name, the person's name of the employee -- how in the world could that trigger a closed session?

**Mr. Eichelbaum**:  You referenced in your email, Mr. Jarvis - that you would be referring to trustees and therefore, at this time, the Arlington Independent School District will go into a closed meeting pursuant to Texas Government code 551.071, and 551.074 to consider the consolidated grievances of Mr. Jarvis.

**Mr. Jarvis**:  Okay, why don't I agree not to refer to any trustees in my argument?

**Mr. Eichelbaum**:  Your objection has been overruled, sir.  At 8:23 p.m. The Board will now go into closed session.  I respectfully ask that everyone except the grievant and the administration's representative exit the room into the hall at this time.

**Mr. Jarvis:**  For the record, I would like you to state on the record attorney Eichelbaum what specific part of the state statute, the Texas Open Meeting Act, are you relying on to I think unlawfully close this meeting without justification.  So, if I take this on appeal to the TEA - I want to be clear what your legal basis is.

**Mr. Eichelbaum:**  As I have stated previously, Texas Government Code 551.074.  Thank you.

**Mr. Jarvis:**  But that is very limited to personnel issues…

**Edited Transcript 6-8-23 AISD Level 4 Grievance Hearing (Jarvis) Page - 2**



**Mr. Eichelbaum:**  Mr. Jarvis, I have ruled on your objection.

**[at 1:31:09 – 1:33:13 on the AISD video recording]**

**President Fowler:**  I will at this time reconvene into Open Session.  The time is 9:40 p.m.  The Board concluded its closed meeting at 9:40 p.m.  No action was taken in a closed meeting.  The Board has completed its deliberation with respect to the consolidated grievances of David Jarvis.  At this time, does anyone wish to make a motion?

**Mr. Chapa**: I do.

**President Fowler:**  Mr. Chapa.

**Mr. Chapa:** Thank you, President Fowler.  Before I make my motion, I'd like to make a brief statement.  The grievance process is to determine whether the administration violated law or policy.  Mr. Jarvis's grievances sought answers to hypothetical questions and asserted his disagreement with discretionary decisions.  That a grievant does not like an answer, a particular decision, an act, or a failure to act does not constitute a violation of law or policy.  It is important to note that AISD has statutory limitations on when it can share information such as student and employee discipline.  We expect that AISD representatives will conduct themselves with professionalism and courtesy.  However, having found no violation of law or policy or an arbitrary or capricious act, I move to affirm the administration's decisions with respect to the grievances and deny all relief requested.

**President Fowler:**  I have a motion from Mr. Chapa, and I will second the motion.  Please vote.  All vote in the affirmative.  At this time, we will close the meeting. The time is 9:42 p.m.

[END].



April 11, 2024



Re:  Level III Grievances Decision

Dear Mr. Jarvis:

On March 27, 2024, we met for two hours in a Level 3 hearing to address four Level 3 grievances that had reached a Level 3 appeal according to Board Policy GF (LOCAL) and been consolidated into one meeting for scheduling purposes. During the meeting, you noted that you have filed eighteen grievances and are currently engaged in litigation against the district.

I address each of your specific grievances, summarized below:

Grievance 1.   Your October 30, 2023 grievance seeking answers involving 9 subject areas, including abortion, race relations, etc.

Grievance 2.   Your November 1, 2023 grievance seeking more than two minutes for public forum.

Grievance 3.   Your November 27, 2023 grievance about the Governance Committee not responding to your policy proposals.

Grievance 4.   Your November 28, 2023 grievance seeking answers to 17 questions, not including subparts.

Below you will find notes pertaining to the grievances along with specific decisions for each of the four grievances discussed.

**Notes for Grievances 1, 4**

Based on your written grievance documentation and our dialogue on March 27, we can conclude that both Grievance 1 and Grievance 4 seek answers to questions. Moreover, the questions are duplicative, asking for responses to the subject matters of abortion, racial equity, same sex attraction, and gender identity/transgender issues. The questions are also substantively duplicative of a prior set of questions you send to the Board in 2022 and that were the subject of a previous grievance that the Board denied on June 8, 2023. Board Policy GF (LOCAL) says "An individual shall not file separate or serial complaints arising from any event or series of events that have been or could have been addressed in a previous complaint."

EXHIBIT C

Page 2
April 11, 2024

Furthermore, your grievances do not list a specific complaint. On March 21, 2024, the AISD Board of Trustees issued its decision in *In re David Jarvis*, and noted:

> Board Policy GF(LOCAL) applies to "complaints," and it defines "complaint" and "grievance" coextensively. A "grievance" is an "injury, injustice, or wrong that potentially gives ground for a complaint." Black's Law Dictionary (11th ed. 2019). To that end, the District's Level One Public Complaint Form asks grievant to "[e]xplain specifically how you were harmed or injured" by the circumstances giving rise to their grievance.

Your grievance does not specify a personal harm. As the Board's decision noted, "Grievant suffers no unique harm or injury from a lack of debate or enactment of his ideas on what policies are best for Arlington ISD." Moreover, your grievance is based upon an email to the Board of Trustees in which you posed your questions. According to the Board's decision,

> The Board's duty to "stop, look and listen" to a proposal can be fulfilled through "conduct" ranging from listening to or "reading" the proposal, holding a "discussion" on it, "proceeding to act contrary to the contentions urged," or taking no action at all.

As you acknowledged and the Board reiterated, there is no requirement that the Board engage you in a dialogue.

**Notes for Grievance 2**

Grievance 2 seeks the Board of Trustees change its policy, its practice, and/or its interpretation of Board Policy BED(LOCAL). In our Level 3 conference on March 27, 2024, you noted that that you have ideas about improvements to the policy, but that you understand that the grievance process is not the appropriate approach for policy proposal considerations. During the conference you also concurred that the Board has increased its public forum speaker time from two minutes to three minutes at the last several meetings.

**Notes for Grievance 3**

This grievance involves the fact that you were not given a specific date when the Governance Committee might review your proposals.

**Decision – Grievances 1, 4**

Throughout our meeting, you noted that the grievances you filed are not just questions, but an expectation that you are entitled to a dialogue with the Board where they justify their responses to your inquiries. You cite no law or policy to justify your claim.

Again, Board Policy GF(LEGAL) states, "There is no requirement that a board negotiate or even respond to complaints. However, a board must stop, look, and listen and must consider the petition, address, or remonstrance." During our Level 3 hearings you acknowledged that the Board of Trustees

EXHIBIT C

Page 3
April 11, 2024

does not have a legal obligation to answer your questions, debate topics, or engage in two-way conversation.

Grievances under GF(LOCAL) based simply on the Board's failure to dialogue with the Grievant are not proper grievances. Based upon the above, Grievances 1 and 4 that you filed are hereby dismissed with prejudice from the grievance process and are not appealable to the Board of Trustees consistent with *In re David Jarvis*. Additionally, Grievances 1 and 4 seek answers to questions that are substantively duplicative of questions you previously submitted to the Board and grieved for substantially the same reasons, which the Board denied in June 2023. Grievances 1 and 4 thus are dismissed for this further reason.

## Decision – Grievance 2

The Board's actions have been within the parameters outlined in Board Policy. In short, you are asking the Board to change its policy because you want more time to speak during public forum. Board Policy BED (LOCAL) states:

> When necessary for effective meeting management or to accommodate large numbers of individuals wishing to address the Board, the presiding officer may make adjustments to public comment procedures, including adjusting when public comment will occur during the meeting, reordering agenda items, deferring public comment on non-agenda items, continuing agenda items to a later meeting, providing expanded opportunity for public comment, or establishing an overall time limit for public comment and adjusting the time allotted to each speaker. However, no individual shall be given less than one minute to make comments.

Thus, board policy does have a time floor, and it has always exceeded that floor. Nonetheless, you have argued the intent of the policy was the Board President could not reduce but rather increase the time. You have failed to carry your burden to support this claim, and, in fact, Board policy BED (LOCAL) states, "Except as permitted by this policy and the Board's procedures on public comment, an individual's comments to the Board shall not exceed five minutes per meeting."

During the grievance conference you noted that you learned from the March 21 hearing that policy recommendations do not belong in the grievance process, and that you were free to forward recommendations for consideration to the Superintendent. Consistent with the Board's Decision, this grievance is improper, as "[a]t core, Grievant's approach fails because it invokes a quasi-judicial process as a means to enact policies. It demands, literally, that the Board 'legislate from the bench.' But the Board cannot enact policy through an adjudicatory process." Grievance 2 is dismissed with prejudice from the grievance process and is not appealable to the Board of Trustees consistent with *In re David Jarvis*.

## Decision – Grievance 3

In essence, Grievance 3 is a demand that trustees give you a written response to your same policy proposals that the Board of Trustees heard on March 21. As that matter has been ruled upon by the Board of Trustees, the grievance is moot.

EXHIBIT C

Page 4
April 11, 2024

That said, I want to encourage you to provide your citizen input, and whether I or others respond or not, you may rest assured all suggestions will always be reviewed and considered.

In conclusion, I want to thank you for noting in the meeting that Arlington ISD has been professional and courteous to you throughout the process of your complaints. I am sorry that we met under these conditions, but I am glad to hear our district has treated you in a positive manner. We strive for the highest level of professionalism, and I am pleased that your experience has met this expectation.

Sincerely,

Matt Smith, Ed.D.
Superintendent

**EXHIBIT C**



April 19, 2024



**Re:  Pending Grievances (9/28/23 and 12/14/23: Four Questions to the Board and Board Intervention Request; 03/06/24: Counseling Services Questions)**

Dear Mr. Jarvis:

As you are aware, you have current grievances pending at different levels that have not yet been heard at Level III.

The first was filed September 28, 2023 (Four Questions to the Board).  While this grievance was dismissed at Level I, you supplemented an additional grievance also at Level I on this matter requesting that the Board intervene and rescind the dismissal.  You filed this grievance for the Board to intervene on December 14, 2023.  Level I Hearing Officer, Mark Strand, denied your requested relief.  You subsequently filed a Level II grievance appeal that was heard by Dr. Steven Wurtz.  You received a Level II decision from Dr. Wurtz on April 10, 2024, and he denied your grievance regarding the request for Board intervention.  You subsequently submitted a Level III grievance appeal on the same matter on April 16, 2024.

The second pending grievance was filed March 6, 2024 (Counseling Services Questions).  It was recently heard at Level I by Mark Strand on April 9, 2024.  A decision letter in this matter has not yet been published.

In the Superintendent's letter to you, dated April 11, 2024, he notes "Filing a grievance does not mandate a dialogue; there is no requirement AISD engage in a debate or dialogue with you." Both pending grievances referenced above include questions posed by you seeking response, debate or dialogue.

On March 21, 2024, the AISD Board of Trustees issued its decision in *In re David Jarvis*, and noted:

> Board Policy GF (LOCAL) applies to "complaints," and it defines "complaint" and "grievance" coextensively. A "grievance" is an "injury, injustice, or wrong that potentially gives ground for a complaint." Black's Law Dictionary (11th ed. 2019). To that end, the District's Level One Public Complaint Form asks grievants to "[e]xplain specifically how you were harmed or injured" by the circumstances giving rise to their grievance.

EXHIBIT D

Page 2
April 19, 2024

The above two grievances do not specify a personal harm. Furthermore, your December 14 grievance could have been appealed to the Commissioner of Education; one cannot appeal to the Board their previous decision and get two bites at the apple.

Based upon the above, and consistent with the Superintendent's Decision of April 11, 2024, and with *In re David Jarvis*, as my role as Chief Hearing Officer, your grievances dated December 14, 2023 and March 6, 2024 are dismissed with prejudice from the grievance process.

Sincerely

Scott Kahl
Assistant Superintendent for Human Resources

EXHIBIT D