IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **CITIZENS DEFENDING,** § <br> **FREEDOM,** *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> **ARLINGTON INDEPENDENT** § <br> **SCHOOL DISTRICT,** *et al.*, § <br> § <br> Defendants. § | Civil Action No. 4:24-cv-00585-O |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Motion for Attorney Fees and Appendix in Support that Arlington Independent School District ("AISD") filed on September 10, 2025. ECF Nos. 84, 85. By Order dated September 17, 2025, Chief United States District Judge Reed O'Connor referred the Motion to the undersigned for hearing, if necessary, and final determination if permitted or recommendation under 28 U.S.C. § 636(b)(1). Having considered the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** the Motion (ECF No. 84).

**I.    BACKGROUND**

The Court previously has described the circumstances that led to Plaintiffs' suit against AISD under the Texas Open Meetings Act ("TOMA") and for retaliation. *See* ECF No. 81 at 1-4. Chief Judge O'Connor and the parties are aware of the underlying facts, and further repetition is unnecessary. On August 27, 2025, Chief Judge O'Connor granted the Motion for Summary Judgment (ECF No. 52) and dismissed all of Plaintiffs' claims. AISD now seeks an award of $7,393.00 in attorney fees. ECF No. 84.

## II. LEGAL STANDARD FOR AWARD OF ATTORNEY FEES

The Court has "broad discretion in setting the appropriate award of attorney[] fees." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)). The first step in setting an appropriate award is determining the "lodestar" of the relevant fees. *Id.* "The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate." *League of United Latin Am. Citizens No. 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997) ("*LULAC*") (citing *Hensley*, 461 U.S. at 434). The lodestar is presumably reasonable, but the Court "may adjust it upward or downward in exceptional cases." *Id.*; *see also Cobb v. Miller*, 818 F.2d 1227, 1231 (5th Cir. 1987) ("[T]he calculation of the lodestar does not end the inquiry[,] and [] other considerations may persuade the district court to increase or decrease a fee award.").

After calculating the lodestar, the Court must evaluate the amount considering the twelve factors enumerated in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). The *Johnson* factors include: (1) "the time and labor required"; (2) "the novelty and difficulty of the questions"; (3) "the skill requisite to perform the legal service properly"; (4) "the preclusion of other employment by the attorney due to acceptance of the case"; (5) "the customary fee"; (6) "whether the fee is fixed or contingent"; (7) "time limitations imposed by the client or circumstances"; (8) "the amount involved and the results obtained"; (9) "the experience, reputation, and ability of the attorneys"; (10) "the 'undesirability' of the case"; (11) "the nature and length of the professional relationship with the client"; and (12) "awards in similar cases." *Id.* (cleaned up); *see also* Tex. Disciplinary Rules Prof'l Conduct R. 1.04, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, §9) (incorporating some of the *Johnson* factors into the State Bar

2

of Texas's rules of professional conduct). "[O]f the *Johnson* factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved, and the result obtained, and the experience, reputation and ability of counsel." *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).

"[I]t will not always be necessary for a district court to address each of the twelve factors in explaining the considerations affecting its decision." *Davis v. Fletcher*, 598 F.2d 469, 471 (5th Cir. 1979). Nevertheless, "[i]t remains important . . . for the district court to provide a concise but clear explanation of its reasons for the fee award." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995) (citation omitted). "Courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation so that the district court can fulfill its duty to examine the application for noncompensable hours." *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1044 (5th Cir. 2010) (quoting *Kellstrom*, 50 F.3d at 324) (cleaned up). While the absence of contemporaneous billing records "does not preclude an award of fees per se," the evidence must be "adequate to determine reasonable hours." *Id.* (quoting *Kellstrom*, 50 F.3d at 325) (internal quotation marks omitted).

## III.    ANALYSIS

The Court's Local Civil Rule 7.1(e) requires that a "response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." Twenty-one days have long passed since AISD filed its Motion for Attorney Fees, but Plaintiffs have not filed a response or objected to the Motion. Therefore, the Court construes the lack of response or objection as an indication that Plaintiffs are unopposed to the attorney fees sought by AISD. However, even if Plaintiffs are opposed, the Court finds that AISD's requested attorney fees are reasonable under the lodestar calculation. The Court bases this conclusion on the facts stated in the Motion, the

declaration of Meredith Prykryl Walker ("the Walker Declaration"), the attached billing records, and the fact that AISD has already reduced its fee claim to $7,393.00 of the $41,683.50 total to reflect only half the fees associated with the Motion for Summary Judgment, The Court also finds that the lodestar calculation should not be adjusted based on the *Johnson* factors.

      **A.    Attorney fees are reasonable under the lodestar calculation.**

The Court begins by calculating the lodestar, which "is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate." *LULAC*, 119 F.3d at 1232. In support of its request for attorney fees, AISD offers the Walker Declaration and timesheets, receipts, and invoices supporting the declaration. ECF No. 85.

The declaration and attached billing records show that Ms. Walker is an attorney and shareholder in the law firm of Walsh Gallegos Kyle Robinson & Roalson P.C. in Irving, Texas. ECF No. 85 at 2. She was admitted to practice in Texas in 2006, and her billing rate in this case was $280.00 per hour. *Id.* at 4. Ms. Walker has represented school districts for fourteen years, including in TOMA cases. *Id.* at 3. She opines that the fees charged to AISD were "the same or below those customarily charged in this area for the same or similar services." *Id.* at 4.

Ms. Walker associated with other attorneys and paralegals at her firm, who charged varying rates between $115.00 and $255.00 per hour. *Id.* at 4. Ms. Beytebiere is an attorney at the firm who was admitted to the Texas bar in 2023 and billed at a rate of $225.00 per hour. *Id.* Finally, Ms. Osborne is a paralegal in the firm's Irving office and billed at a rate of $115.00 per hour. *Id.*

Billing statements included with the Motion reflect that AISD incurred $41,683.50 in attorney fees for 172.8 hours of work. *Id.* at 5. They also show that AISD seeks only to recover a small portion of the attorney fees incurred ($7,393 of the $41,683.50 total), focusing on the fees only of Ms. Walker, Ms. Beytebiere, and Ms. Osborne. ECF No. 85 at 4.

AISD expended $14,786.00 on work in connection with the Motion for Summary Judgment, which AISD reduced by half because the unmeritorious TOMA claim was one of two claims at issue in the Motion. The lodestar for AISD's fees is appropriate for the full amount it seeks of $7,393.00 because AISD's counsel expended a reasonable number of hours on the litigation, and the firm charged AISD a reasonable hourly billing rate for the services of Ms. Walker, Ms. Beytebiere, and Ms. Osborne. *LULAC*, 119 F.3d at 1232.

### B.    Adjustment under the *Johnson* factors is not appropriate.

While the lodestar is presumptively reasonable, the Court can adjust the lodestar up or down in exceptional cases based on an analysis of the twelve *Johnson* factors. *See Johnson*, 488 F.2d at 717-19. After considering the briefing and supporting evidence that AISD filed, the Court concludes that no adjustment is warranted. All the *Johnson* factors are neutral or indicate that the lodestar amount is reasonable. Moreover, the most important of the *Johnson* factors, "the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel," *see Migis*, 135 F.3d at 1047, suggest that the lodestar amount is reasonable.

To briefly touch on the factors, factor two is not at issue here because this case is a TOMA action involving few defendants and limited alleged violations of the Act, thus presenting no "novel" or "difficult" legal questions. *See Johnson,* 488 F.2d at 718. Likewise, the third factor is not relevant because this case does not require attorneys with highly specific or niche competencies, though AISD's counsel did have significant experience in the subject matter at issue. *See id.* And none of AISD's counsel suggested that they were significantly precluded from other work by taking this case, rendering the fourth factor inapplicable. *See id.* Further, there was no suggestion that pressing time constraints apply to this action or atypical "time limitations

5

imposed by the client or circumstances." *Id.* Because the case presents nothing uniquely undesirable from a practitioner's perspective, the tenth *Johnson* factor also does not inform the Court's inquiry. *See id.* at 719. And finally, the eleventh factor, "the nature and length of the professional relationship with the client," does not affect the Court's reasonableness analysis because nothing of record reflects the nature and extent of AISD's relationship with any of its lawyers. Accordingly, that factor is irrelevant for the Court's reasonableness analysis. *See id.*

Initially, the Court must determine if the attorney fees requested represent a reasonable number of hours expended at a reasonable hourly amount. *Alexander v. City of Jackson Miss.*, 456 F. App'x 397, 399-400 (5th Cir. 2011). The Court concludes that under the first factor, the amount of time spent on this case by AISD's attorneys was reasonable. The attorneys billed a total of 172.8 hours in connection with this matter, of which AISD seeks only a tiny fraction in the present Motion. The Court finds that the number of hours AISD's counsel incurred did not exceed a reasonable amount given the amount in controversy. Consequently, the first *Johnson* factor indicates the lodestar amount of requested fees is reasonable and should not be adjusted. *See Johnson*, 488 F.2d at 717.

The fifth *Johnson* factor, which looks to the "customary fee" in similar cases, also does not support an adjustment to the lodestar. *See id.* at 718. In this regard, "courts in the Northern District [of Texas] have approved regular hourly rates of $345, $350, and $375." *Koehler v. Aetna Health Inc.*, 915 F. Supp. 2d 789, 799 (N.D. Tex. 2013) (citing *Paris v. Dallas Airmotive, Inc.*, 2004 WL 2100227, at *8 n.5 (N.D. Tex. Sept. 21, 2004)). $280.00 and $225.00 for the work of Ms. Walker and Ms. Beytebiere do not exceed these amounts. The Court concludes that the $280.00 hourly rate for Ms. Walker, the $225.00 rate for Ms. Beytebiere, and the $115.00 rate for Ms. Osborne were reasonable based upon the Court's familiarity with the reasonable, usual, and customary

6

billing rates in the Fort Worth Division of the Court for lawyers and paralegals with similar years of experience and backgrounds under the ninth factor. The fifth factor is naturally accompanied by the sixth— "whether the fee is fixed or contingent." 488 F.2d at 718. Ordinarily, larger fees may be justified if the fee is contingent. But here the fee is not relatively large, and the fact that AISD's counsel billed on an hourly basis facilitates efficient calculations like the one conducted above. The sixth factor supports an attorney fee award of $7,393.00 here.

*Johnson*'s eighth factor further confirms AISD's award is reasonable and that this is not an exceptional case given the "amount involved and results obtained." *See id.* at 718-19; *Northwinds Abatement, Inc. v. Emps. Ins. Of Wausau*, 258 F.3d 345, 354 (5th Cir. 2021) ("[T]he most critical factor in determining an award of attorney fees is the 'degree of success obtained' by the victorious plaintiffs."). The eighth factor suggests that an award of $7,393.00 is reasonable given AISD's success at summary judgment. Considering the significant reduction in attorney fees sought compared to those incurred, Chief Judge O'Connor should grant attorney fees of $7,393.00. Under the ninth factor, the experience, reputation, and ability of AISD's attorneys in this action confirms the reasonableness of the award.

Having examined the Motion, Walker Declaration, and relevant billing records, the Court concludes that AISD's requested attorney fees of $7,393.00 are reasonable under the lodestar calculation. The Court also finds that the lodestar calculation should not be adjusted based on the *Johnson* factors. The reasonable and just attorney fees that AISD should receive are $7,393.00.

## IV.    CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Chief Judge O'Connor **GRANT** the Motion for Attorney Fees (ECF No. 84) and award AISD reasonable attorney fees of $7,393.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions,

and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** on January 23, 2026.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE